BANK OF ITALY, Respondent, *v.* MERCHANTS NATIONAL BANK, Appellant.

Fourth Department, May 4, 1921.

Contracts — telegram by bank with which money deposited to another bank guaranteeing payment for goods bought by third person imposes primary obligation — breach of contract of sale not defense to action on drafts — allegations of fulfillment of contract unnecessary — telegram to be construed most strongly against sender — complaint stating cause of action.

Telegram by the defendant with which the purchaser of goods had deposited money for the price, that "We guarantee payment" of the purchase price on presentation of the original bill of lading, which was sent to the plaintiff, which thereafter cashed two drafts drawn by the seller on the defendant and the purchaser, constitutes a letter of credit and an unconditional primary promise to pay and not a secondary promise or guaranty of collection only, and the plaintiff had the right to proceed against the defendant in the first instance on its refusal to pay the drafts.

The defendant cannot defend on the ground that there has been a breach of the contract by the vendor, and it was not necessary to allege in the complaint fulfillment of the contract by the vendor or demand on and failure to pay by the vendee.

The telegram was prepared by the defendant and it is necessary to take the words as strongly against it as a reasonable reading will justify.

Complaint examined, and *held*, to state facts sufficient to constitute a cause of action.

APPEAL by the defendant, Merchants National Bank, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chautauqua on the 11th day of November, 1920, upon the

decision of the court rendered after a trial at the Chautauqua Special Term, overruling the demurrer of the defendant to the amended complaint.

*Thrasher, Cole & Clapp* [*Louis L. Thrasher* and *John S. Leonard* of counsel], for the appellant.

*Nugent & Heffernan* [*Albert E. Nugent* of counsel], for the respondent.

HUBBS, J.:

This is an appeal from an interlocutory judgment overruling a demurrer of the appellant to the respondent's complaint. The respondent is a foreign corporation, engaged in business at San Francisco, Cal. The appellant is a national bank engaged in business in the city of Dunkirk. The complaint alleges that the Sanesi & Maron Company of Dunkirk, N. Y., bought of Silvio Rossi of San Francisco two carloads of dried grapes at the agreed price of $24,000; that said dried grapes were delivered to a railroad company at Fresno, Cal., for shipment to said purchaser at Dunkirk, N. Y.; that the railroad company issued bills of lading for the said cars and the said cars were shipped; that said purchaser deposited with the appellant the sum of $24,000 to pay the purchase price of said two cars of dried grapes on presentation to said appellant bank at Dunkirk of the original bills of lading; that thereafter, and on February 2, 1920, the appellant bank, for value received, sent the following telegram to the respondent:

"DUNKIRK, N. Y., 258 P, *Feb.* 2, 1920.

"BANK OF ITALY, San Francisco, Cal.:

"We guarantee payment two cars dried grapes bought by Sanesi & Maron Company this city from Silvio Rossi San Francisco amounting about twenty-four thousand dollars. Payment will be made on presentation original bill lading here.

"THE MERCHANTS NATIONAL BANK."

That thereafter, and on February fourth, the vendor, Silvio Rossi, brought to the respondent bank the bills of lading of said two cars of dried grapes and made drafts for the same on the Sanesi & Maron Company and Merchants National Bank.

The respondent cashed the drafts for the said two cars of dried grapes. The drafts were presented by the respondent to the appellant bank and payment was refused. This action was brought to recover the amount. The appellant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The telegram sent by the appellant to the respondent constituted a letter of credit and was an independent contract between the appellant and the respondent upon the breach of which by the appellant the respondent had an absolute right of action if it were not for the word " guarantee " contained in the telegram. (*Frey & Son, Inc.,* v. *Sherburne Co.,* 193 App. Div. 849; *American Steel Co.* v. *Irving National Bank,* 266 Fed. Rep. 41.) There is a very interesting discussion of the law applicable to letters of credit in 32 Harvard Law Review, 1; also in 34 Harvard Law Review, 533.

It is the contention of the appellant, however, that the word " guarantee " contained in the telegram imposed upon the appellant a secondary obligation and not a primary obligation as is usually imposed by a letter of credit, and the appellant urges that the telegram was not a direct obligation, and that the appellant could not be made liable to the respondent on a letter of credit unless the purchaser, the Sanesi & Maron Company, was liable to Silvio Rossi for the purchase price of the two carloads of dried grapes; in other words, that the wording of the telegram shows upon its face that it is a promise to answer for the debt of another and being secondary that it is not enforcible against the appellant without alleging in the complaint and proving upon the trial the non-performance of the contract on the part of the purchaser, the Sanesi & Maron Company.

That contention is correct, of course, if it be conceded that the obligation is secondary and a promise to answer for the debt or default of another. On the other hand, if the obligation assumed by the appellant is a direct, primary obligation to pay, then the action could be brought direct upon the letter of credit, without alleging default on the part of the purchaser, the Sanesi & Maron Company. The theory of the appellant should not be sustained if there is any way to avoid it. The construction which the appellant places upon the contract,

if sustained by the courts, would be a serious restriction upon ordinary business methods.

The question presented resolves itself into the single inquiry of whether or not, as a matter of law, the telegram in question was a contract to answer for the debt or default of the Sanesi & Maron Company, or whether it was a direct, primary promise to pay. I think that the telegram was an unconditional primary promise by the appellant to pay and not a secondary promise or guaranty of collection only, and that the appellant cannot defend upon the ground that there has been a breach of the contract by the vendor. Neither the appellant nor the respondent was a party to the contract of purchase and sale and the appellant is not in a position in this action to avail itself of any defense which the vendee might have had for damages growing out of the contract. If I am right in that conclusion, then it was not necessary to allege in the complaint fulfillment of the contract by the vendor or demand upon and failure to pay by the vendee. The complaint alleges that the vendee, the Sanesi & Maron Company, deposited $24,000 with the appellant bank prior to the sending of the telegram. The case of *El Paso Bank & Trust Co.* v. *First State Bank*, 202 S. W. Rep. (Tex.) 522, seems to be exactly in point. In that case the telegram read as follows:

" FIRST STATE BANK, Eustis, Florida:

" We guarantee payment three hundred dollars by Texas Produce Company for carload of watermelons.

" [Signed]   EL PASO BANK & TRUST CO."

In that case the telegram was held to be an absolute guaranty of payment and not a guaranty of collection,

In the case of *Brown* v. *Curtiss* (2 N. Y. 225) the payee of a note made the following indorsement upon the back of it and transferred it: " I guarantee the payment of the within." The court held that such indorsement was a guaranty of payment, not conditional but absolute.

In the case of *Loos* v. *McCormack* (107 App. Div. 8) the defendant guaranteed a bond and mortgage in the following language: " I do hereby guarantee unto said John H. Loos the payment and collection of the said bond and mortgage and of the interest due and to grow due thereon, at the time

and in the manner therein mentioned, and I do promise to pay the money at maturity thereof." The case went up on an appeal from an interlocutory judgment sustaining the plaintiff's demurrer to the defendant's answer and the court held that the agreement constituted a guaranty of payment and not a guaranty of collection, and that the holder might proceed in the first instance against either the principal or the guarantor.

In the case of *First National Bank* v. *Jones* (219 N. Y. 312) a verdict was directed by the trial court in favor of the plaintiff. The Court of Appeals held that the agreement in question was an absolute agreement and an unconditional guaranty as a matter of law, and that there was no error in directing a verdict for the plaintiff. In the opinion Judge CHASE says: " The meaning of the guaranty depends upon the intention of the parties." The holding of the court necessarily implied that the meaning was so clear from the instrument that there was no question for the jury, but that it should be passed upon as a question of law.

Assuming, however, that the meaning of the letter of credit in the case at bar is not so clear that it can be held as a matter of law to be an absolute unconditional guaranty, nevertheless the judgment overruling the demurrer should be sustained, for if there is any question of intent to be determined after a hearing of the evidence, the demurrer could not be sustained. In determining this question it should, of course, be kept in mind that this letter of credit was prepared by the appellant and that in construing it, it is necessary to take the words as strongly against the appellant as a reasonable reading will justify.

I advise that the judgment be affirmed, with costs.

All concur; LAMBERT, J., not sitting.

Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over within twenty days upon payment of the costs of the demurrer and of this appeal.