ARTHUR H. LAMBORN et al., Doing Business as LAMBORN
& COMPANY, Appellants, *v.* THE LAKE SHORE BANKING
AND TRUST COMPANY, Respondent.

*Attachment — motion to vacate properly granted where action was upon
letter of credit and draft drawn was against bill of lading which did
not conform to requirements of letter of credit.*

*Lamborn* v. *Lake Shore Banking & Trust Co.*, 196 App. Div. 504,
affirmed.

(Argued June 2, 1921; decided July 14, 1921.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered April 29, 1921, which reversed an order
of Special Term denying a motion to vacate an attach-
ment and granted said motion. The action was brought
upon a letter of credit under the terms of which drafts
could be drawn against bills of lading for " Java White
granulated sugar." The draft presented was against a
bill of lading for " Java White sugar." The said bill of
lading was made out to plaintiff and indorsed in blank
instead of being made to defendant as required by the
letter of credit. The draft was for the full amount
" with exchange," thus calling for payment of an amount
in excess of the credit.

The following questions were certified: " 1. Do the
plaintiffs' complaint and affidavits on attachment set
forth facts sufficient to show that the plaintiffs have a
cause of action against the defendant upon the defendant's
letter of credit dated May 21, 1920?

" 2. Is the absence of the word ' granulated ' from
the bill of lading delivered with the plaintiffs' draft
against said letter of credit a bar to plaintiffs' recovery
on said draft against the defendant upon said letter of
credit?

" 3. Does the bill of lading accompanying said draft
conform to the requirement of the defendant's letter of
credit, which called for the bill of lading to be made out
to the order of the Lake Shore Banking and Trust Com-
pany of Cleveland.

" 4. Does the presence of the printed words ' with

exchange ' on the face of the plaintiffs' draft herein cause said draft to be for a larger sum than was· mentioned in the defendant's letter of credit herein?

" 5. Under the terms of said letter of credit were the plaintiffs, in order to make due presentation of said draft against said letter of credit, obliged to give any notice or advices to the Lake Shore Banking and Trust Company in Cleveland, Ohio, other than the presentation to the Royal Bank of Canada, New York city, of the said bill of lading, the said draft and invoices in triplicate, certificate of landed weights and affidavit of shipment from Java set forth in plaintiffs' papers on attachment herein? "

*William R. Conklin* and *Louis O. Van Doren* for appellants.

*Nathan Ottinger, William L. Ransom* and *Robert E. Coulson* for respondent.

Order affirmed, with costs. First question certified answered in the negative, second in the affirmative, third, fourth and fifth not answered; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND and ANDREWS, JJ. Dissenting: CRANE, J.