Portuguese American Bank of San Francisco, Respondent, *v.* Atlantic National Bank, Appellant.

First Department, April 7, 1922.

Guaranty — action on guaranty of payment of draft drawn to pay for specific merchandise to be shipped — shipping receipt and draft failed to describe such merchandise — drawee refused to accept draft — guarantor not liable.

A guarantor of the payment of a draft, drawn to cover the purchase price of certain specified merchandise to be shipped by the drawers to the drawees, is not liable on his guaranty, where it appears that neither the draft nor the express company's receipt described the merchandise specified in the guaranty and that, therefore, the drawees refused to accept the draft.

An invoice of the shipment by the drawers to the drawees has no bearing on the question as it is merely a declaration by the drawers.

Appeal by the defendant, Atlantic National Bank, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of October, 1921, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 2d day of November, 1921, denying defendant's motion for a new trial made upon the minutes.

*Miller, Bretzfelder & Ruskay* [*Cyrus C. Miller* of counsel; *Cecil B. Ruskay* and *Bertram Bodenheimer* with him on the brief], for the appellant.

*Edwin V. Guinan* of counsel [*Louis F. Doyle* with him on the brief], for the respondent.

Laughlin, J.:

The defendant guaranteed to Stewart & Ham of San Francisco, payment of a draft drawn by them on Trachtenberg & Weyers of New York city, " covering about 400 cases of California Whites Petaluma Extra at 62¢ to be shipped by express to Trachtenberg & Weyers, New York, N. Y., January 27th or 28th." It was admitted by the pleadings that on or about the 27th of January, 1920, the drawees of the draft agreed to purchase from the drawers thereof 400 cases of eggs known as " California White Petaluma Extras," and agreed to pay therefor sixty-two cents a dozen; that the defendant executed the guaranty; that the drawers shipped to the drawees 400 cases of eggs and drew a draft on the drawees to the order of the plaintiff for $7,440; but the defendant denied that the eggs so shipped were of the kind, grade and quality so sold by the drawers to the drawees. The facts deemed material were stipulated on the trial. They are as follows: That the drawers agreed to sell and the drawees agreed to purchase 400 cases of eggs

of the kind and grade and at the price alleged, and that the aggre- gate of the purchase price was $7,440; that the sellers required of the buyers a guaranty of the payment of a draft to be drawn for the purchase price; and that the defendant's guaranty, in the form already stated, was sent to the sellers; and that the contract for the sale of the eggs constituted the consideration for the guaranty; that a draft was thereafter drawn by the sellers, containing no reference to the eggs, but merely for $7,440 to the order of the plaintiff, and that it was duly presented to the drawees for payment, and with it was presented a non-negotiable receipt issued by the American Railway Express Company, acknowledging the receipt from the drawers of " four hundred cases of eggs " which the shipper declared to be of the value of $7,440, consigned to the drawees at New York city, and an invoice of the shipment via said express company by the drawers to the drawees of " 400 cases Petaluma ranch extras @ 62 7440.00; " that payment was refused on the ground that neither the draft nor the express company receipt was for eggs of the kind and grade specified in the guaranty, and it was protested for non-payment, and payment was demanded of defendant and refused. It was also stipulated that the plaintiff's possession of the draft constituted *prima facie* ownership thereof, and that the defendant had no evidence to the contrary.

I am of opinion that the evidence did not warrant a recovery by the plaintiff. It is immaterial whether the defendant's obligation is to be deemed a letter of credit or merely a guaranty, for in neither case was there a compliance with the terms thereof. In *Bank of Italy* v. *Merchants Nat. Bank* (197 App. Div. 150) a guaranty by a bank by telegram of payment for two carloads of grapes, on presentation of the original bill of lading, was held to constitute a letter of credit; and it was also held that the bank was not concerned with disputes between the buyer and the seller, and that its liability depended upon whether the documents presented were in accordance with the letter of credit, and that it was under no obligation to ascertain the actual nature of the shipment. In the case at bar it will be observed that the defendant guaranteed unconditionally the payment of a draft to be drawn by the seller on the buyers for 400 cases of eggs of the kind and grade known as " California Whites Petaluma Extras " at sixty-two cents per dozen, to be shipped by express to the purchasers at New York city on the twenty-seventh or twenty-eighth of January. The draft presented to the drawees does not show what it was drawn for, and, while the receipt of the express company showed that the quantity of eggs covered by the defendant's guaranty had been shipped by the drawers to the drawees, it failed to show that they were of the grade

or quality specified in the guaranty, and on that ground the drawees refused to pay. The invoice is of no importance, for it is merely a declaration by the drawers; and, moreover, it does not purport to show that the eggs were of the kind or grade covered by the guaranty, but contains a different description of them. Plaintiff, therefore, failed to show the conditions precedent to the defendant's liability on the guaranty, viz., that there was presented to the drawees evidence that eggs of the kind, quality and grade covered by the guaranty were shipped by the drawers, for the purchase price of which the draft was drawn. The plaintiff having failed to show the facts upon which the liability of the defendant on the guaranty depended, was not entitled to recover; and, if the defendant had paid the draft without its being in form showing compliance with the terms of the guaranty, and without the presentation of a bill of lading or shipping receipt issued by the express company showing shipment of eggs of the description specified in the guaranty, it might not have been able to recover of the drawees. (*Bank of Montreal* v. *Recknagel,* 109 N. Y. 482; *Lamborn* v. *Lake Shore Banking & Trust Co.,* 196 App. Div. 504; affd., 231 N. Y. 616; *Germania Nat. Bank* v. *Taaks,* 101 id. 442; *First Nat. Bank* v. *Jones,* 219 id. 312; *Bank of Italy* v. *Merchants Nat. Bank, supra; International Banking Corp.* v. *Irving Nat. Bank,* 274 Fed. Rep. 122.)

It follows that the judgment and order should be reversed, with costs, and complaint dismissed, with costs.

DOWLING, SMITH, PAGE and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.