BANK OF ITALY, Respondent, *v.* MERCHANTS NATIONAL BANK, Appellant.

Contract — guaranty — guarantor may limit its liability and one relying on guaranty is bound by such limitations — risk of determining question of fact not upon guarantor — guaranty of payment for "dried grapes" — guarantor justified in refusing to pay on bill of lading for "raisins."

1. In guaranteeing payment for merchandise upon presentation of the bill of lading the guarantor may limit its liability to such an extent and subject it to such conditions as it thinks wise, and one relying upon its guaranty is bound by such limitations and conditions.

2. Where there is a question of fact as to whether the terms used in the guaranty and in the bill of lading are in truth identical, the risk of determining for itself this question of fact is not to be placed upon the guarantor.

3. Where defendant by telegram to plaintiff guaranteed payment for two carloads of "dried grapes" upon presentation of bills of lading whereupon plaintiff advanced a large sum of money upon bills of

lading for two carloads of "raisins," defendant is justified in refusing to pay said sum upon presentation of the bills for payment, and plaintiff cannot recover thereon where there is evidence that "dried grapes" and "raisins" are distinct and their prices quoted separately in trade journals. (*Lamborn* v. *Lake Shore Banking & Trust Co.*, 231 N. Y. 616, followed.)

*Bank of Italy* v. *Merchants Nat. Bank*, 204 App. Div. 903, reversed.

(Argued April 23, 1923; decided May 29, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 5, 1923, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Murle L. Rowe* for appellant. The telegram upon which this action is based constituted a letter of credit. The letter of credit created a primary obligation on the part of the defendant. The defendant was entitled to specify in its letter of credit the conditions under which it would become liable. The defendant is entitled to a strict compliance with the conditions set forth in its letter of credit. (*International Banking Corp.* v. *Irving Nat. Bank,* 274 Fed. Rep. 122; *Bank of Montreal* v. *Recknagel,* 109 N. Y. 482; *Germania Bank* v. *Taaks,* 101 N. Y. 442; *Lamborn* v. *L. S. B. & T. Co.,* 196 App. Div. 504; *Evansville Nat. Bank* v. *Kauffman,* 93 N. Y. 273; *Guardian Trust Co.* v. *Peabody,* 122 App. Div. 648; 195 N. Y. 544; *Met. Trust Co.* v. *Truax,* 154 App. Div. 442.) The defendant specified in its letter of credit the conditions under which it would make payment. The plaintiff has never complied with those conditions. No liability has attached under the letter of credit. (*Lamborn* v. *L. S. B. & T. Co.,* 231 N. Y. 616.)

*Albert E. Nugent* for respondent. In construing contracts of this character, it is a well-recognized principle of law that they are to receive a fair and reasonable interpretation and a construction most favorable to the

rights of the party who has advanced his money by reason of the same.   That if the instrument is fairly susceptible of two interpretations either of which is within the spirit of the instrument, the guarantor cannot say that the guarantee was not justified in acting upon either or that he should have acted upon one rather than the other.   (*Smith* v. *Molleson,* 148 N. Y. 241.)

ANDREWS, J.   By telegram addressed to the Bank of Italy at San Francisco, the Merchants National Bank of Dunkirk guaranteed payment for two carloads of " dried grapes " bought by local merchants of one Rossi, stating that " payment will be made on presentation original bill lading here."   Thereupon Rossi presented to the respondent bills of lading for two carloads of " raisins " consigned to the purchaser and the bank advanced upon them some $22,000.   In due course these bills of lading were then presented to the appellant for payment but payment was refused.   The sole question before us is whether such refusal was justified because the bills of lading were for " raisins " and not for " dried grapes." We hold that it was.

In making such a guaranty as the present the Merchants National Bank might limit its liability to such an extent and subject it to such conditions as it thought wise.   It is to be held upon the contract which it elected to make — not upon some different contract which it might have made or which the jury thinks it should have made.   (*Evansville National Bank* v. *Kaufmann,* 93 N. Y. 273; *Germania National Bank of New Orleans* v. *Taaks,* 101 N. Y. 442; *Bank of Montreal* v. *Recknagel,* 109 N. Y. 482.)   One relying upon its guaranty is bound by such limitations and conditions.

As we have seen in the case before us, the Merchants Bank agreed to make payment upon bills of lading of cars of " dried grapes."   The bills presented to it were for " raisins."   It is said that the two expressions are

identical; that the trial court so found upon evidence which permitted that inference. It may be so. That, however, is not sufficient. We agree that if the words used in the guaranty and in the bill of lading were as a matter of common knowledge synonymous or if the guaranty covered a certain class of objects and the bill was for one species of that class no question could arise. If the guaranty covered automobiles and the bill was for motor cars; if the guaranty was for grain and the bill for wheat, the variance would be immaterial. So, too, if the course of dealing between the parties had been such that they might be held as a matter of law to have affixed their own meaning to the terms employed. (*Decatur Bank* v. *St. Louis Bank*, 88 U. S. 294.) But where there is a question of fact as to whether the terms used in the guaranty and in the bill of lading are in truth identical, the risk of determining for itself this question is not to be placed upon the guarantor. Common words are by trade usage frequently given a particular meaning. " Hudson seal " is the skin of musk rats. Unquestionably " raisins " are dried grapes. It does not follow that in commercial usage " dried grapes " are " raisins." Dried grapes may be a technical term describing a distinct product. Indeed there is considerable evidence before us tending to show that this is so. Raisins we are told are dried white grapes. " Dried grapes " is the trade name of dried black grapes. The articles, it is said, are distinct. Their prices are quoted separately in trade journals. If this be so; if there be a substantial dispute upon that point, and we think that the evidence tends to show that this is true, the guarantor is not required to decide the fact at his peril.

This principle was decisive in *Lamborn* v. *Lake Shore Banking & Trust Company* (231 N. Y. 616). The letter of credit referred to " Java White granulated sugar; " the shipping documents to " Java White sugar." There as here was evidence tending to show that the two

articles were identical. Although this was denied, there as here the order of the trial judge refusing to vacate a warrant of attachment imported a finding that this was so. The Appellate Division reversed this order as a matter of law. The fact itself, the court said, was immaterial. "The only contract which the defendant has made was to honor the plaintiff's drafts as against the bill of lading for Java White granulated sugar." To hold otherwise would seriously embarrass bankers issuing letters of credit. In this court we held that because of the absence of the word "granulated" from the bill of lading no recovery based upon the defendant's letter of credit might be had. The view that we adopted in that case we adopt here. "Raisins" and "dried grapes" may or may not be the same article. We do not know.

The judgments of the courts below should be reversed and the complaint of the plaintiff should be dismissed, with costs in all courts.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN and CRANE, JJ., concur; CARDOZO, J., absent.

Judgments reversed, etc.