LAWRENCE LAUDISI, Plaintiff, *v.* AMERICAN EXCHANGE NATIONAL BANK, Defendant.

Supreme Court, Kings Special Term, March, 1924.

**Banks and banking — letter of credit — defendant bank deemed to have violated instructions of plaintiff — cause of action deemed to have vested in plaintiff — motion for dismissal of complaint denied and motion for summary judgment granted.**

Under a letter of credit which did not in terms contemplate that it might be extended, increased or otherwise altered at the expense and risk of plaintiff, defendant was only to honor drafts against a shipment of " Alicante Bouchez grapes " from California against "invoice and negotiable railroad bill of lading." While the bill of lading showed merely a shipment of " grapes " an

invoice drawn up in New York upon the arrival of the grapes described them as "Alicante Bouchez grapes." *Held,* that when in violation of instructions from plaintiff the defendant paid the draft drawn under the letter of credit, a cause of action for breach of contract then vested in the plaintiff, which could only be discharged by release or something accepted in satisfaction.

Defendant's motion for a dismissal of the complaint denied, with costs, and plaintiff's motion for summary judgment granted, with costs.

CROSS-MOTIONS for judgment dismissing the complaint and for summary judgment.

*Adolph Ruger,* for plaintiff.

*Cardozo & Nathan,* for defendant.

FABER, J. Motion by plaintiff for summary judgment, and motion by defendant for dismissal of the complaint. The action is for damages for breach of contract. The contract involved is in the form of a letter of credit, issued pursuant to a so-called customer's agreement between plaintiff's agent and the defendant. The breach complained of is that under the letter of credit the defendant was only to honor draft against the shipment of " Alicante Bouchez grapes " from California against "invoice and negotiable railroad bill of lading." The bill of lading from California showed merely a shipment of "grapes," but an invoice which did not accompany the shipment from California, but was drawn up in New York after the arrival of the grapes here on October 26, 1922, did describe the grapes as Alicante Bouchez grapes. It is not denied that on or about October twenty-sixth, and before the defendant had made any payment of the draft drawn under the letter of credit, the plaintiff notified the defendant not to pay the draft. The letter of credit did not on its face provide for an irrevocable credit as in *Doelger* v. *Battery Park National Bank,* 201 App. Div. 515, and *Frey & Son, Inc.,* v. *Sherburne Co.,* 193 id. 849, and the customer's agreement, under which the letter of credit was issued, did not in terms contemplate that such letter might be " extended, increased or otherwise altered " at the expense and risk of the plaintiff. Despite the notice not to pay, the defendant did pay the draft. It seeks to justify such payment because the invoice drawn up in New York, as before stated, properly described the grapes, and it contends that such invoice was one of the shipping documents called for by the letter of credit. This invoice, in my opinion, was not a shipping document accompanying the goods from California, and the only shipping document, in accurate terms, which the defendant had before it paid was the bill of lading which showed that the shipment was not of the goods specified, and, therefore, payment was unauthorized. See *Bank of Italy* v. *Merchants National Bank,* 236 N. Y. 106; *Frey & Son, Inc.,* v. *Sherburne*

*Co.*, *supra*, 853. Defendant's contention that there is a custom that banks rely upon the description of the merchandise in the invoice fails, not only because there is, as stated above, no accompanying invoice, but because it is not pleaded as a defense. Its further contention that plaintiff ratified the payment of the draft by reimbursing its agent which had guaranteed defendant hardly merits serious discussion. When the defendant made the payment in violation of plaintiff's instructions a cause of action then vested in the plaintiff which can only be discharged by release or something accepted in satisfaction. *Stenton* v. *Jerome*, 54 N. Y. 480, 488; *Clarke* v. *Meigs*, 23 N. Y. Supp. (10 Bosw.) 337. It follows that defendant's motion must be denied, with ten dollars costs, and plaintiff's motion granted, with ten dollars costs.

Ordered accordingly; judgment accordingly.