OPINION OF THE COURT
Alfred M. Lama, J.
This is a motion by defendant, the Union Savings Bank (hereinafter referred to as Bank), for summary judgment dismissing the complaint in the action.
The facts in the case are virtually undisputed. Jamesport Vineyards, Inc. (hereinafter referred to as Jamesport) was indebted to plaintiff in the sum of $140,000 with interest. The *732 debt was evidenced by a bond and secured by a purchase-money mortgage on real property.
On December 23, 1983, plaintiff gave to Jamesport a satisfaction of the mortgage in exchange for which plaintiff received what purported to be an irrevocable letter of credit issued by Bank in the sum of $112,796.23. The application by Jamesport to Bank for the letter of credit (hereinafter referred to as LC) indicates that it was to be a "Standby” LC "in connection with mortgage payment due 1/2/85”. The LC issued is dated December 22, 1983 and states that it is for, "An amount up to but not exceeding, the aggregate sum of One Hundred Twelve Thousand Seven Hundred Ninety Six Dollars and Twenty Two cents ($112,796.22) payable in full at January 2, 1985.”
Although plaintiff claims to have understood that language to mean that he could draw against the LC at any time up to the amount of $112,796.22 which was to be finally due on January 2, 1985, the Bank rejected a draft presented by plaintiff prior to that date with the explanation that the LC was not payable until January 2, 1985. Plaintiff apparently accepted that interpretation.
Nowhere in the LC is there a date stated for its expiration and it states on its face that it is an "Irrevocable Letter of Credit”. The word "irrevocable” is defined in Webster’s Third New International Dictionary of the English Language 1196 (unabridged ed 1986) as, "incapable of being recalled or revoked: past recall: unalterable”. "Revoke” is defined as, "to annul by recalling or taking back” or "withdraw”, or "recant”. (Op. cit., at 1944.) Regardless of that fact, plaintiff’s attorney was informed sometime after January 2, 1985, that the LC had expired and had been revoked on January 2, 1985. Albeit that plaintiff’s attorney had been so informed, plaintiff presented a signed draft, in proper form, for payment against the LC on April 28, 1986. By letter dated May 2, 1986, Bank refused payment of the draft. This appears to be a case of first impression.
Both sides in this action rely on the Uniform Commercial Code article 5 and cases which interpret it. However, this reliance is ill-conceived. The last sentence of the LC itself states: "Except as otherwise stated herein, this credit is subject to the Uniform Customs and Practice for Commercial Documentary Credits (1974 Revision) I.C.C. Publication No. 290” (hereinafter cited as UCP). UCC 5-102 (4) states unequi *733 vocably: "Unless otherwise agreed, this Article 5 does not apply to a letter of credit or a credit if by its terms or by agreement, course of dealing or usage of trade such letter of credit or credit is subject in whole or in part to the Uniform Customs and Practice for Commercial Documentary Credits fixed by the Thirteenth or by any subsequent Congress of the International Chamber of Commerce.” Thus the UCC does not apply to the letter of credit now before this court. We must, therefore, look to the terms of the UCP (see, KMW Intl. v Chase Manhattan Bank, 606 F2d 10 [2d Cir 1979]; Hohenberg Co. v Comitex Knitters, 104 Misc 2d 232 [Sup Ct, NY County 1980]).
The only two articles of the UCP which would seem to apply are articles 37 and 41. Article 37 states, in part: "All credits, whether revocable or irrevocable, must stipulate an expiry date for presentation of documents for payment, acceptance or negotiations”.
The LC with which we are dealing violates that mandate in that it really does not specify a date of expiration. The only date mentioned is a date on which full payment may be made. Were that all, this court would be compelled to hold for the plaintiff since the document was drafted by the defendant Bank (see, Bank of Italy v Merchants Natl. Bank, 197 App Div 150 [4th Dept 1921]).
However, UCP article 41 reads as follows: "Notwithstanding the requirement of Article 37 that every credit must stipulate an expiry date for presentation of documents, credits must also stipulate a specified period of time after the date of issuance of the Bills of Lading or other shipping documents during which presentation of documents for payment, acceptance or negotiation must be made. If no such period of time is stipulated in the credit, banks will refuse documents presented to them later than 21 days after the date of issuance of the Bills of Lading or other shipping documents.” Of course, we are not dealing with a sale of goods which would permit the LC to fall within the specific language of article 41. On the other hand, the UCP does not specifically refer to a case such as the one before the court. Therefore, we must look to the intent of the UCP and extrapolate from there.
Article 41 shows an intent to require presentment of documents no later than 21 days after the documents are available. Although we are not dealing with the sale of goods and resulting shipping documents, we are involved with docu *734 ments which must be presented to the defendant Bank before payment is due under the LC. It is the opinion of this court that the presentation of the requisite "sight drafts” and "Beneficiary signed statement” are analogous to the presentation of shipping documents. Therefore, it would seem that the latest that the documents could have been presented would have been January 23, 1985, 21 days after the payment due date of January 2, 1985, the date the Bank indicated that drafts would be validly accepted.
It, therefore, would follow logically that the Bank had the right to cancel the letter after January 23, 1985 which it did in fact do although it is unclear as to when. Presentation of the necessary drafts, etc., were not made by plaintiff until April 28, 1986, more than 1V\ years after the expiration of the 21-day period. This court, therefore, holds that presentation was too late and the defendant Bank was within its rights to deny payments. The complaint should be dismissed and summary judgment granted.