■ W. CORWIN TUTHILL, Appellant, v UNION SAVINGS BANK, Respondent.—In an action to recover damages for wrongful dishonor of a standby letter of credit, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Lama, J.), dated December 8, 1988, which, upon granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On December 22, 1983, Jamesport Vineyards, Inc. (hereinafter Jamesport), obtained an irrevocable standby letter of credit in the amount of $112,796.22 from the Union Savings Bank (hereinafter the Bank), which named the plaintiff as its beneficiary. The letter of credit was intended to secure payment of a purchase-money mortgage given by the plaintiff to Jamesport, which was due in full on January 2, 1985. The letter of credit provided in pertinent part, "that we hereby establish this Irrevocable Letter of Credit No. 35 in your favor for an amount up to but not exceeding, the aggregate sum of * * * $112,796.22 * * * payable in full at January 2, 1985". The letter of credit further stated that the parties agreed to be bound by the Uniform Customs and Practice for Commercial Documentary Credits, Publication No. 290 (hereinafter

UCP). Article 37 of the UCP provides that "[a]ll credits, whether revocable or irrevocable, must stipulate an expiry date for presentation of documents for payment, acceptance or negotiation, notwithstanding the stipulation of a latest date of shipment".

On February 2, 1984, the plaintiff submitted a sight draft in the amount of $1,721.66 to the Bank. By letter dated February 27, 1984, the Bank informed the plaintiff that the terms of the letter of credit called for payment of the full amount on January 2, 1985, and that therefore it could not honor his draft prior to that date. The plaintiff did not represent the sight draft until April 28, 1986. In response, the Bank informed the plaintiff by letter dated May 2, 1986, that his presentment was untimely, since the letter of credit had expired on January 2, 1985.

We find that the record amply demonstrates that the plaintiff failed to strictly comply with the terms of letter of credit by making an untimely presentation of documents, approximately 16 months after the expiration date *(see, United Commodities-Greece v Fidelity Intl. Bank, 64 NY2d 449; Eximetals Corp. v Pinheiro Guimaraes, 73 AD2d 526, affd 51 NY2d 865; United Technologies Corp. v Citibank, 469 F Supp 473).*

Contrary to the plaintiff's contentions, any ambiguity which may have allegedly existed with respect to the letter of credit's expiration date was clarified and amplified for him in the Bank's letter dated February 27, 1984. Accordingly, the complaint was properly dismissed. Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur. *[See,* 141 Misc 2d 731.]