**FORESCO CO., LTD., Plaintiff,**

v.

**Albert OH, Defendant.**

15 Civ. 2841 (VM)

United States District Court, S.D. New York.

Signed September 28, 2016

ers claim they would not have bought it (or paid a premium for it) had they known of the

defect").

Heath Douglas Rosenblat, Marsha Jessica Indych, Drinker Biddle & Reath, LLP, New York, NY, Kurt Bernard Gerstner, Campbell Campbell Edwards & Conroy, Boston, MA, for Plaintiff.

Andrew Peter Saulitis, Law Offices of Andrew P. Saulitis P.C., New York, NY, for Defendant.

## DECISION AND ORDER

Victor Marrero, United States District Judge.

Plaintiff Foresco Co., Ltd. ("Foresco"), a manufacturer and supplier of medium density fiberboard, brought this action against defendant Albert Oh ("Oh"), President and Chief Executive Officer of Flash Ventures, Inc. ("Flash Ventures"), a data storage technology and distribution business, alleging that Oh failed to make the required payments to Foresco pursuant to an alleged guaranty document signed by the parties. (Dkt. No. 13.)

Foresco and Oh each move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), complete with supporting paperwork. (Dkt. Nos. 39–62.) For the reasons discussed below, Foresco's motion is DENIED and Oh's motion is GRANTED.

## I. BACKGROUND [1]

Foresco's complaint in this action ("Amended Complaint," Dkt. No. 13), al-

---

1. The factual summary presented herein derives from the following documents and related exhibits: Amended Complaint (Dkt. No. 13); Answer to Amended Complaint (Dkt. No. 14); Foresco's Memorandum of Law in Support of the Motion for Summary Judgment (Dkt. Nos. 39, 42); Foresco's Rule 56.1 Statement (Dkt. No. 40); Declaration of Heath Rosenblat in Support of Foresco's Motion for Summary Judgment (Dkt. No. 41); Oh's Cross Motion for Summary Judgment (Dkt. Nos. 44, 52, 56, 59); Oh's Memorandum of Law in Opposition to Foresco's Motion for Summary Judgment (Dkt. No. 45); Oh's Rule 56.1 Statement (Dkt. Nos. 46, 53, 60); Declaration of Andrew P. Saulitis in Support of Oh's Cross Motion for Summary Judgment (Dkt. Nos. 50,

leges that Oh, in his individual capacity, guaranteed payment of $1,254,449.90 to Foresco in connection with an outstanding financial obligation incurred by Flash Ventures. Foresco asserted claims for: (1) declaratory relief; (2) specific performance; and, in the alternative, (3) breach of contract.

On May 28, 2015, Foresco requested a pre-motion conference with the Court to discuss its basis for moving for partial summary judgment. ("May 28 Letter," Dkt. No. 9.) Foresco indicated that it intended to move for partial summary judgment on its potentially dispositive claim that a document executed by Oh titled "Promissory to Settle Balance" ("Promissory Document," Dkt. No. 1, Ex. A) is a guaranty as a matter of law. Foresco argued that no discovery was required in order for the Court to determine whether the Promissory Document is a guaranty as a matter of law because the Promissory Document (1) is a written instrument and (2) sets forth the obligation incurred by Oh. Moreover, Foresco argued that Oh admitted in his answer to the Amended Complaint ("Amended Answer," Dkt. No. 14): (1) the underlying debts of Flash Ventures to Foresco are unpaid; (2) Oh signed the Promissory Document; and (3) Oh has not made any payments to Foresco in satisfaction of the Promissory Document.

On the same day, Oh responded to Foresco's May 28 Letter identifying several defenses outlined in his Answer including: (1) lack of consideration for the Promissory Document; (2) the indefiniteness of the Promissory Document; (3) the circumstances by which the Promissory Document was signed, namely, illegality and duress; and (4) Foresco's lack of capacity to do business in New York. ("May 28 Response," Dkt. No. 8.)

The Court held a telephone conference on June 2, 2015 to discuss the correspondence mentioned above. The parties agreed to confer pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") and discuss a case management plan. (See Dkt. Minute Entry for June 2, 2015.)

Foresco subsequently filed its Amended Complaint, which included claims that Flash Ventures has done business in the State of New York and provided additional details concerning the parties' business dealings.

The Court held a status conference with the parties on July 1, 2016. (See Dkt. Minute Entry for July 1, 2016.) On that occasion, both parties indicated that they wished to proceed with cross motions for summary judgment.

Foresco's summary judgment motion argues that: (1) the Promissory Document is a valid, binding, and enforceable contractual obligation; (2) the Promissory Document does not lack consideration, is definite, complete, and unambiguous; and (3) Oh breached the Promissory Document. (Dkt. No. 42.) By response, Oh's summary judgment motion counters that: (1) the Promissory Document is not a guaranty as a matter of law and (2) the Promissory Document lacks consideration and is therefore invalid. (Dkt. No. 44.) Upon review of this record, the Court finds that Foresco has not satisfied its burden of demonstrating the absence of any genuine issue of materi-

---

57); Declaration of Albert Oh in Support of Oh's Cross Motion for Summary Judgment (Dkt. Nos. 51, 58); Oh's Counter Statement to Foresco's Rule 56.1 Statement (Dkt. Nos. 54, 55); Foresco's Reply Memorandum of Law in Support of the Motion for Summary Judgment (Dkt. No. 48); Reply Declaration of Andrew P. Saulitis in Support of Foresco's Cross Motion for Summary Judgment (Dkt. No. 61); and Oh's Reply Memorandum of Law in Support of the Cross Motion for Summary Judgement (Dkt. No. 62). Except where specifically referenced, no further citation to these sources will be made.

al fact that the Promissory Document unambiguously constitutes a guaranty or that there was consideration for it. However, the Court is satisfied that Oh has met his burden of demonstrating that the Promissory Document is not a guaranty under law and lacks consideration. Accordingly, Foresco's motion is DENIED and Oh's motion is GRANTED.

## II. LEGAL STANDARD

Summary judgment is appropriate if the evidence shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In making this assessment, the Court looks to the relevant substantive law to determine which facts are material: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To survive summary judgment, the disputed factual issues must also be "genuine"—that is, "sufficient evidence [must] favor [ ] the nonmoving party for a jury to return a verdict for that party." Id. at 249, 106 S.Ct. 2505. The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. United States Fire Ins. Co., 804 F.2d 9, 11 (2d Cir.1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. See Celotex Corp., 477 U.S. at 323, 106 S.Ct. 2548. If the moving party satisfies its burden, the nonmoving party must provide specific facts showing that there is a genuine issue for trial in order to survive the motion for summary judgment. See Shannon v. New

York City Transit Auth., 332 F.3d 95, 98–99 (2d Cir.2003). In determining whether the moving party is entitled to judgment as a matter of law, the court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 309 (2d Cir.2008). Although the party opposing summary judgment may not "rely on mere conclusory allegations nor speculation," D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.1998), if there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party that supports a finding that a material factual dispute exists, summary judgment is improper. See Gummo v. Village of Depew, N.Y., 75 F.3d 98, 107 (2d Cir.1996).

## III. DISCUSSION

■ A guaranty is defined as "the promise to answer for the payment of some debt or the performance of some obligation, on default of such payment or performance, by a third person who is liable in the first instance.... It is an obligation to answer for the debt of another." Terwilliger v. Terwilliger, 206 F.3d 240, 246 (2d Cir.2000) (internal citation omitted); see also Weissman v. Sinorm Deli, Inc., 88 N.Y.2d 437, 646 N.Y.S.2d 308, 669 N.E.2d 242, 246 (1996) ("A guaranty ... is a contract of secondary liability.... [A] guarantor will be required to make payment only when the primary obligor has first defaulted.").

■ "Under New York law, guarantees are governed by the rules generally applicable to contracts. If, in a written instrument a person 'guarantees' payment of another's debt and describes with precision the obligation to which the person is bound, the instrument is a guaranty." Lak-

haney v. Anzelone, 788 F.Supp. 160, 163 (S.D.N.Y.1992). "Consideration for a guaranty must be expressly or impliedly stated in the instrument, and the instrument must be delivered to and accepted by the guarantor." Id. Like a promissory note, a prima facie case of default on a guaranty is made out where the plaintiff establishes the existence of a valid guaranty and proof of defendant's failure to pay notwithstanding the plaintiff's proper demand. Tamman v. Schinazi, No. 00 Civ. 9404, 2004 WL 1637000, at *5 (S.D.N.Y. July 21, 2004).

The parties do not dispute that as of the fall of 2013, Flash Ventures owed Foresco $1,254,449.90 and that no portion of this debt has been paid to Foresco to date. The parties also do not dispute that on July 29, 2014, Foresco sent Oh an email attaching the Promissory Document and stating in relevant part: "I attached some promissory document for our reference. We might need for our audit and other reference. Please sign it and send us scan file first." (Dkt. No. 41, Ex. A.) Three weeks later, on August 20, 2014, Foresco emailed Oh once again attaching the Promissory Document and stating: "The reason we asked for this is to make reference for what we are doing with LP things.[2]" (Dkt. No. 58, Ex. I.) At that point, Oh signed and emailed back the Promissory Document. The Promissory Document indicates that: (1) Foresco is the creditor; (2) Flash Ventures is the debtor; (3) the amount of debt is $1,254,449.90; and (4) "I, Albert Oh, Promise to pay Flash Venture Inc.'s outstanding balance with FORESCO Co. Ltd. I try to finish discussion for detail payment method in as soon as possible and promise to implement." (Id., Ex. H.)

With the benefit of not only the parties' summary judgment briefing but also the discovery in the case, the Court is per-suaded that Oh has demonstrated that Foresco has not presented sufficient admissible evidence that the Promissory Document unambiguously constitutes a guaranty or that there was consideration for it. The Court considers each of these threshold issues in turn.

## A. REQUIREMENTS FOR A GUARANTY

■ As discussed below, a legally cognizable guaranty must be a written instrument that describes with precision: (1) the relevant parties and their particular roles; (2) the amount of the obligation at issue; and (3) the intent to guarantee the obligation. MM Ariz. Holdings, LLC v. Bonanno, 658 F.Supp.2d 589, 592 (S.D.N.Y.2009); see also Export–Import Bank of the United States v. Agricola Del Mar BCS, S.A. de C. V., 536 F.Supp.2d 345, 350 (S.D.N.Y. 2008) (internal quotation marks omitted) ("A valid guaranty must be a written instrument guaranteeing payment of another's debt, describing with precision the obligation to which the person is bound.").

■ There is no dispute that the Promissory Document is a written instrument, stating that Foresco is owed a sum certain by Flash Ventures. However, the language in the Promissory Document meant to evidence that Oh is promising to pay the debt of Flash Ventures to Foresco is at best vague. In the document, Oh states that he will "try to finish discussion[s] for detail payment method in as soon as possible and promise to implement." (Dkt. No. 58, Ex. H.) While it appears on the face of the document that Oh is committing to pay Foresco what it is owed, he does not describe any of the essential or material terms that such a commitment would entail to constitute a valid guaranty, least of

---

**2.** According to Oh's Declaration dated August 3, 2016, "LP things" refers to a proposed limited partnership that had been discussed between the parties but never consummated. (Dkt. Nos. 58.)

which that he, in no uncertain terms, has agreed to be held personally liable for the full amount owed by Flash Ventures to Foresco.

■ Foresco argues that Oh's promise to pay Flash Ventures' debt to Foresco is not negated simply because the parties left open "how [Oh] would honor his obligation, which here simply means whether he was going to pay in pennies, quarters, dollars, or stock." (Dkt. No. 42.) The Court disagrees. The case law is clear that a guaranty, as with any enforceable contract, must clearly state the obligation to which the executor is bound. Lakhaney, 788 F.Supp. at 163 ("Under New York law, guarantees are governed by the rules generally applicable to contracts. If, in a written instrument a person 'guarantees' payment of another's debt and describes with precision the obligation to which the person is bound, the instrument is a guaranty."); see also Chicago Title & Trust Co. v. Fox Theatres Corp., 91 F.2d 907, 909 (2d Cir.1937); Bank of Italy v. Merchants' Nat'l Bank, 236 N.Y. 106, 140 N.E. 211, cert. denied, 264 U.S. 581, 44 S.Ct. 331, 68 L.Ed. 860 (1923). The Promissory Document simply does not contain any material terms related to payment, it does not evidence a commitment by Oh to be held personally liable for the debt owed to Foresco by Flash Ventures, and it appears to be nothing more than a commitment to discuss a payment plan. Moreover, the circumstances with which Oh was presented the Promissory Document, as being merely for Foresco's own reference, persuades this Court that the Promissory Document does not unambiguously constitute a guaranty under the law.

## B. CONSIDERATION

■ Consideration for a guaranty must be expressly or impliedly stated in the instrument. See Export–Import Bank of U.S., 536 F.Supp.2d at 350. Here, it is undisputed that the Promissory Document does not expressly state consideration. There is also no indication in the text of the Promissory Document that consideration was impliedly given.

■ It is not a requirement of a guaranty that consideration be executed concurrently with an underlying obligation but, where, as here, an alleged guaranty is executed as a separate transaction to the underlying debt obligation, the burden is on Foresco to show that the Promissory Document was in fact accompanied by such consideration. Alternatively, Oh's burden is satisfied if he can point to an absence of evidence to support Foresco's claim. See Goenaga v. Mar. of Dimes Birth Defects Found, 51 F.3d 14, 18 (2d Cir. 1995) ("In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.").

Foresco argues in the first instance that this Court should presume that Oh received consideration in conjunction with the Promissory Document and that such consideration was adequate. Foresco cites MM Arizona Holdings LLC v. Bonanno, for the proposition that "a settled principle of New York contract law [is] that courts will rarely if ever investigate the adequacy of the consideration exchanged." 658 F.Supp.2d 589, 593 (S.D.N.Y.2009). Foresco fails to recognize that Oh has challenged not the adequacy of consideration but the existence of it at all. It therefore falls on the Court to examine such a defense further.

Oh has presented sufficient evidence, or lack thereof, to persuade this Court that no such consideration was given in exchange for the instrument at the time of execution nor was consideration for it bargained for in connection with the Promis-

sory Document. Most notably, Oh has presented evidence as to the vagueness of the Promissory Document itself and the fact that the obligation incurred by Flash Ventures dates back to at least the fall of 2013, whereas the Promissory Document is dated July 2014. (Dkt. No. 44.)

Next, Foresco argues that as a result of executing the Promissory Document, Oh: (1) preserved his entrepreneurial reputation; (2) maintained his future ability to form other start-ups and generate new investor interest and confidence; (3) avoided bankruptcy for one of his various companies; and (4) continued a foreign business relationship in a location where he anticipated doing further business. (Dkt. No. 42.) Foresco also argues that it accepted the Promissory Document in lieu of pursuing various legal rights domestically and internationally against both Flash Ventures and Oh, as an officer and representative director of Flash Ventures. (Id.)

The Court, after review of the discovery in this case, finds no merit to the litany of alleged consideration that Foresco has presented. Some of these arguments entail purely one-sided speculation, not admissible evidence of bargained-for exchange of consideration. Foresco has provided the Court with no documentary evidence that consideration was anywhere set forth in writing or that there was in fact bargained-for consideration in conjunction with the Promissory Document. As Foresco correctly noted in its summary judgment motion, "[t]he court's function in interpreting a contract is to apply the meaning intended by the parties, as derived from the language of the contract in question. [T]he best evidence of what parties to a written agreement intend is what they say in their writing." (Dkt. No. 42 (citing BOKF, N.A. v. Caesars Entm't Corp., 144 F.Supp.3d 459, 466–67 (S.D.N.Y.2015)).) Where a writing is ambiguous on its face, however, the Court has an obligation to consider the circumstances within which the writing was executed. Garza v. Marine Transport Lines, Inc., 861 F.2d 23, 27 (2d Cir.1988) ("However, when the obligations are not clearly stated—when they are ambiguous—the parol evidence rule does not prevent the introduction of extrinsic evidence to aid in interpretation of the contract.... To begin, we note that the determination of whether a contract term is ambiguous—and thus whether parol may be considered—is a threshold question of law for the court.").

Here, the circumstances under which Oh signed the Promissory Document are questionable at best. Over a year after Flash Ventures incurred its debt to Foresco, Oh was asked to sign the Promissory Document. In the email attaching the document, Oh was told that Foresco "might need [the Promissory Document] for [its] audit and other reference." (Dkt. No. 44.) Nowhere in that email is there discussion that Oh would, at execution, become personally liable for the full extent of Flash Ventures debt. Nor does the email contain any language alluding to past or concurrent consideration in exchange for Oh's signature.

A few weeks after this initial email, Foresco followed up with Oh regarding the Promissory Document and was asked yet again to sign it. This second email to Oh explained that Foresco needed his signature for Foresco's own business ventures and not because it sought assurance that Oh, in his personal capacity, would be fully liable for Flash Ventures' debt. There was no mention of past or concurrent consideration, and, in fact, no evidence has been presented demonstrating that the Promissory Document was ever discussed by the parties after Oh returned the executed document to Foresco. The failure of the Promissory Document as a guaranty under the law is only highlighted by the fact that

Foresco presented Oh with a document titled "Personal Guaranty" in the months following the executed Promissory Document which Oh did not sign. The Court finds that Foresco has failed to meet its burden pursuant to Rule 56 to show that genuine issues of material fact exist establishing that consideration was bargained for and exchanged for the Promissory Document.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of plaintiff Foresco Co., Ltd. ("Foresco") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") (Dkt. No. 39) is **DENIED**; and it is further

**ORDERED** that the cross motion of defendant Albert Oh ("Oh") for summary judgment pursuant to Rule 56 (Dkt. No. 44) is **GRANTED**.

The Clerk of the Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**