WILLIAMS ICE CREAM CO., INC., Respondent, *v.* CHASE NATIONAL BANK and Others, Appellants.

First Department, July 2, 1924.

**Banks and banking — action to restrain bank from paying drafts against letter of credit on ground of breach of contract by seller — injunction will not be granted on that ground — injunction denied though letter of credit was altered without knowledge of buyer, where buyer subsequently accepted goods.**

A bank will not be restrained from paying drafts drawn against a letter of credit on the ground that the seller had breached its contract of sale and the contract had been rescinded by the buyer.

The buyer is not entitled to an injunction on the ground that the terms of the letter of credit were altered without its knowledge so as to provide for an order bill of lading instead of a straight bill of lading, which fact was not known to the buyer until the trial, where it further appears that the buyer finally accepted the goods and thereby waived the alleged breach of the contract.

**180**   WILLIAMS ICE CREAM CO., INC., *v.* CHASE NATIONAL BANK.

First Department, July, 1924.                    [Vol. 210

APPEAL by the defendants, Chase National Bank and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of May, 1923, upon the decision of the court rendered after a trial at the New York Special Term.

*Rushmore, Bisbee & Stern* [*George N. Hamlin* of counsel], for the appellant Chase National Bank.

*Van Doren, Conklin & McNevin* [*Louis O. Van Doren* of counsel; *Alfred C. B. McNevin* and *Edward S. Bentley* with him on the brief], for the appellants Arthur H. Lamborn and others.

*Arnold Lichtig* [*Herbert A. Mossler* with him on the brief], for the respondent.

FINCH, J.:

The only question involved herein is whether the plaintiff was entitled to an injunction restraining the payment by the defendant Chase National Bank of drafts drawn against a certain letter of credit. A preliminary injunction had been obtained and vacated and payment of the drafts actually made. The action, however, was continued to trial in order to determine the question of liability on the undertaking given in connection with the said preliminary injunction.

It appears that the plaintiff purchased of the defendant Lamborn & Co. certain sugar, and in order to pay therefor, agreed to open in their favor an irrevocable letter of credit. Pursuant to this agreement the plaintiff requested the Peoples Savings and Dime Bank to issue a letter of credit in the amount of the purchase price, and the said bank procured the defendant Chase National Bank to issue the letter of credit involved herein.

The complaint alleged, as ground for the injunction prayed for, that Lamborn & Co. had breached their contract because of the facts that, having notified plaintiff that the sugar had been shipped from Java the latter part of September, 1920, aboard the steamship *Chifuku Maru*, Lamborn & Co. thereafter notified plaintiff that the said steamer had been unavoidably delayed, and declared to the plaintiff that sugar of like quality was proceeding on the steamer *West Cheswald* in fulfillment of the contract; that neither of the aforesaid steamers sailed from Java during August-September, 1920, as required by the contract, and that the steamer *West Cheswald* did not carry the same quality of sugar as represented; that plaintiff elected to cancel and rescind the contract, and thereupon duly notified the defendants Lamborn & Co. and the defendant Chase National Bank of its intention so to do,

because of the grounds stated and some additional grounds immaterial herein, but that nevertheless Lamborn & Co. were threatening to draw and the defendant bank to pay, drafts for the purchase price of the sugar, and should such payment be made litigation and a multiplicity of suits would result and plaintiff be subjected to the necessity of prosecuting and defending, and to the hazard of recoveries therein. The preliminary injunction was properly vacated upon the papers as presented. Subsequently the plaintiff obtained possession of the sugar and apparently used the same.

Upon the trial the only issue litigated was whether there was a breach of the contract of sale so as to justify the rescission of the contract and entitle the plaintiff to injunctive relief. The trial court held there was no breach of the contract of sale as alleged and that the plaintiff was not entitled to injunctive relief upon the allegations of the complaint and affidavits. In this the learned court was correct, since the sole obligation of the bank is to see that payments are made in accordance with the terms of the letter of credit and (subject to certain exceptions not herein involved) the bank has no concern with any controversy between the vendor and vendee. As was said in *Lamborn* v. *Lake Shore Banking & Trust Co.* (196 App. Div. 504): " The authorities are uniform to the effect that this letter of credit constitutes the sole contract with the shipper and that the bank issuing the letter of credit has no concern with any question which may arise between the vendor and vendee of the merchandise for the purchase price for which the letter of credit was issued."

In *Frey & Son, Inc.*, v. *Sherburne Co.* (193 App. Div. 849) the court said: " It would be a calamity to the business world if for every breach of a contract between buyer and seller a party may come into a court of equity and enjoin payment on drafts drawn upon a letter of credit issued by a bank which owed no duty to the buyer in respect of the breach."

The court, nevertheless, held the plaintiff was entitled to the injunctive relief prayed for, because of the following facts: It appeared that the application of the Peoples Savings and Dime Bank to the defendant Chase National Bank for the issuance of the letter of credit in favor of Lamborn & Co. specified as among the required documents " bills of lading to order of Williams Ice Cream Company." The letter of credit issued by the defendant bank provided for such a bill of lading, and Lamborn was notified accordingly. Upon the trial it further appeared that the draft against the letter of credit was accompanied by an order bill of lading indorsed in blank by Lamborn & Co. instead of by a straight bill of lading to plaintiff's order, and to explain this

discrepancy the defendants introduced in evidence letters between Lamborn & Co. and the Chase National Bank modifying the terms of the letter of credit as aforesaid, namely, a letter from Lamborn & Co. to the Chase National Bank dated November 15, 1920, reading as follows:

" GENTLEMEN:

"  Letter of Credit #14070, Williams
"  Ice Cream Company, Scranton, Pa.

" Under the above letter of credit you have specified original railroad bills of lading to order of Williams Ice Cream Company.

" For the protection of both yourselves and ourselves, these bills of lading should be issued to the order of Lamborn & Company and blank indorsed by us, so that the sugars will be in our possession until payment is made us by you, likewise in your possession after payment to us.

" We want to use every precaution for the protection of our mutual interest under this letter of credit, and would ask that you amend it to read: ' Original railroad bills of lading to order of Lamborn & Company, blank indorsed.'

" Please give this letter your immediate attention."

and a letter from the Chase National Bank to Lamborn & Co. dated November 15, 1920, reading as follows:

" GENTLEMEN:  Attention of Credit Department
"  Re: Credit No. 14070

" We acknowledge receipt of your letter of November 15th, with reference to the above mentioned Credit, and in reply wish to state that we would accept railroad bills of lading consigned to your order endorsed in blank, notify the Williams Ice Cream Co., Inc."

The court held that this constituted a disregard of the requirements of the letter of credit which would have entitled the plaintiff to an injunction against the payment of drafts at the time of the commencement of the suit, upon the authority of *Lamborn* v. *Lake Shore Banking & Trust Co.* (196 App. Div. 504; affd., 231 N. Y. 616).

The complaint, however, did not demand that the defendant be enjoined from paying drafts accompanied by order bills of lading, but from paying any drafts whatsoever because of an alleged breach of the contract of sale occurring prior to the presentation of any drafts. Since the court based its decision upon a subsequent modification of the letter of credit, brought to the plaintiff's knowledge for the first time upon the trial, it should also have considered certain other facts which also occurred subsequent to

the time of the alleged breach of the sales contract and were brought out upon the trial, namely, as noted, that the plaintiff previous to the trial had taken up the bill of lading and accepted delivery of the sugar.   In other words, the plaintiff stated no cause of action by its complaint and affidavits upon the motion for a preliminary injunction.   If it is claimed that upon the trial an issue was presented as to whether the plaintiff was entitled to an injunction by reason of the alteration of the letter of credit, then it appears that this issue had to be disposed of adversely to the plaintiff by reason of the fact that it also appeared upon the trial that the plaintiff had then waived any such contention by reason of its having taken and used the goods.   It thus appeared that neither at the commencement of the action nor at the date of the trial was the plaintiff entitled to the injunctive relief prayed for.

It follows that the judgment appealed from should be reversed and judgment ordered in favor of the defendants adjudicating that the plaintiff was not entitled to an injunction, either temporary or final, and the complaint dismissed, with costs to the defendants.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Judgment reversed and judgment directed to be entered in favor of defendants as indicated in opinion, with costs.   Settle order on notice.