Van Voorhis, J.
 

 Clause XV of a contract between plaintiff and Exhibitions de France Inc. (hereafter called “Exhibitions ”), under which plaintiff engaged to construct a building at the New York City World’s Fair, provided for termination of plaintiff’s performance of the contract under certain circumstances. Under a rider forming part of the contract, Exhibitions was obligated to furnish to plaintiff an irrevocable letter of credit drawn on a New York bank guaranteeing certain of the installment payments to become due under the schedule set forth in clause III of the contract. Exhibitions arranged with Willard International Financial Co., Ltd. (hereafter called “Willard”) for the issuance of a letter of credit in favor of plaintiff and, on application of Willard, the defendant bank issued an irrevocable letter of credit in favor of plaintiff making available the sum of $2,030,000, in accordance with a schedule and subject to certain terms and conditions. The letter of credit provided in its paragraph 6 that it would be terminated and cancelled if, at least 10 days prior to any availability date, the bank received an affidavit from an officer of Willard to the effect that one or more of the events described in clause XV (Owner’s Bight to Terminate the Contract) of the contract between Exhibitions and plaintiff had occurred. The bank received an affidavit by an officer of Willard stating, in concias or y form, that “ One or more of the events described in clause XV * * * have occurred.” The particular event claimed to have occurred was not identified. The bank notified plaintiff that the draw of $400,000, the final payment, which would otherwise have been available on September 1, 1964, was terminated and can-celled unless reinstated as provided in said paragraph 6 of the letter of credit. Plaintiff seeks to recover the $400,000 from the bank on a motion for summary judgment in lieu of a complaint.
 

 Special Term denied the motion for summary judgment upon the ground that there were issues of fact over whether the
 
 *516
 
 defendant bank was under a legal obligation to determine that a default had in fact occurred under clause XV, and whether the statements contained in the Willard affidavit were true, and several other issues. Upon reargument, plaintiff’s motion for summary judgment and defendant’s cross motion for summary judgment were denied upon the ground that there was a factual issue presented as to whether events described in clause XV had occurred justifying the Willard affidavit, and upon the ground that Willard should be a party to the action. The court directed that proper pleadings be served.
 

 The Appellate Division correctly held that the bank was not obliged to assume the burden of determining the accuracy of the representation by Willard, but, in our view, plaintiff is entitled to summary judgment for the reason that the affidavit of Willard, ostensibly delivered to defendant under paragraph 6 of the letter of credit, failed to state what event among those enumerated in clause XV of the building contract was claimed to have occurred, on account of which it was declared that the bank’s obligation under the letter of credit was terminated. The documents before the bank were, therefore, insufficient on their face to justify refusal to pay on the letter of credit.
 

 Willard guaranteed reimbursement to the bank by Exhibitions of payments to be made to plaintiff under the letter of credit. Exhibitions became insolvent. Willard’s affidavit to the bank was evidently designed to protect Willard against having to indemnify the bank for advancing the final $400,000 which Exhibitions was unable to make good. Then Willard, also, became insolvent, with the consequence that the bank may be unable to be reimbursed by either Exhibitions or Willard if it is obliged to make this payment to plaintiff. It is, therefore, defending in its own interest.
 

 An issuing bank is required to pay or is exonerated from paying on a letter of credit according to whether the documents presented'to it conform to what is required by the letter
 
 (Laudisi
 
 v.
 
 American Exch. Nat. Bank,
 
 239
 
 N.
 
 Y. 234;
 
 O’Meara Co.
 
 v.
 
 National Park Bank,
 
 239 N. Y. 386).
 

 Respondent bank was not obliged at its peril to determine the truth or falsity of the affidavit from Willard if the affidavit was sufficient to comply with the requirement of paragraph 6 of the letter of credit and clause XV of the building contract between
 
 *517
 
 plaintiff and Exhibitions, which is made, by reference, part of the letter of credit. Inherent in the reasoning of the Appellate Division is the principle that the documents themselves which are before the issuing bank must be sufficient, on their face, to authorize the action taken by the bank. That these papers shall be in order is all the more necessary in view of the drastic consequences to the plaintiff resulting from the bank’s canceling the credit.
 

 The intention of paragraph 6 of the letter of credit, read in conjunction with clause XV of the building contract, is that the affidavit by Willard shall identify the alleged defect, before the credit can be cancelled, in order that plaintiff can remedy it. This very clause (par. 6 in the letter of credit) contemplates that the defect may be corrected, and that plaintiff is to have opportunity to do so. How, it may be inquired, can plaintiff be expected to correct the defect unless its nature is disclosed by the affidavit filed by Willard with the bank? Seeking to stop the bank from paying to plaintiff this final installment, the affidavit by Willard simply stated that “ One or more of the events described in clause XV (‘ Owner’s Bight to Terminate the Contract ’) of a certain contract, dated September 13, 1963, by and between Exhibitions and Fair Pavilions Inc. have occurred. ’ ’ The events enumerated in clause XV of the building contract are (1) the adjudication of the contractor as a bankrupt, the making of a general assignment for the benefit of creditors or appointment of a receiver on account of insolvency, (2) the contractor’s persistent or repeated refusal or failure to supply enough properly skilled workmen or proper materials, or (3) persistent disregard of pertinent laws, ordinances, rules and regulations, or (4) otherwise being guilty of a substantial violation of any provision of the contract. The affidavit delivered by Willard to the bank mentions none of these events, which are so carefully enumerated in clause XV. The meaning of paragraph 6 of the letter of credit was not that Willard could terminate the credit at will. The language that availabilities under the letter of credit were to be cancelled on the filing with the bank of “ an affidavit to the effect that one or more of the events described in clause XV (‘ Owner’s Bight to Terminate the Contract ’) of a certain contract, dated September 13, 1963, by and between Exhibitions and yourselves, including any
 
 *518
 
 amendments thereto, has occurred ” is meaningless unless it signifies that Willard was to state in the affidavit what event or events had occurred that were enumerated in clause XV. For example, clause XV, as quoted above, enumerated as an event ‘ ‘ a substantial violation of any provision of the contract ’ ’. If it was unnecessary for Willard to refer, even in general terms, to what provision of the contract was claimed to have been violated, then Willard could cut off the credit without ever disclosing to plaintiff what the reason was. How, then, could
 
 “
 
 the events described in clause XV of that contract have been remedied or cured ” by plaintiff unless plaintiff were to be apprised of what they were
 
 1
 

 Paragraph 7 of the letter of credit demonstrates that it was not intended to allow Willard to cancel at will, inasmuch as it (par. 7) did expressly allow Willard to cancel the credit without any reason at all, if it did so between December 17, 1963 and January 2, 1964,
 
 but only on payment of $500,000 in addition to the $530,000 payable prior to the commencement of that period.
 
 This specific provision in paragraph 7 permitting cancellation by Willard at will on payment to plaintiff of these moneys conflicts with the idea which has prevailed below that Willard could cancel without any payment being made to plaintiff by the simple device of informing the bank that an event enumerated in clause XV of the building contract had happened without ever disclosing to plaintiff or anyone else what the event was. Paragraph 6 of the letter of credit is a drastic provision which, as so construed, would place one party at the mercy of another. That is against the general policy of the law
 
 (Price
 
 v.
 
 Spielman Motor Sales Co.,
 
 261 App. Div. 626, 629).
 

 It is not reasonable to interpret paragraph 6 of the letter of credit in a manner which permits cancellation by means of an affidavit so unspecific that the alleged default is kept secret and the beneficiary rendered powerless to cure it.
 

 The order appealed from should be reversed and summary judgment granted to plaintiff-appellant as demanded, with costs in all courts, upon plaintiff’s canceling and satisfying of record the judgment for the same relief which it has obtained against defendant bank in another action in the Supreme Court, New York County.
 

 
 *519
 
 Chief Judge Full and Judges Burke, ISoileppi, Bergan and Keating concur; Judge Breitel taking no part.
 

 Order reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.