■ CAPEHART CORPORATION, Respondent, v SHANGHAI COMMERCIAL BANK, LTD., Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered April 28, 1975, granting plaintiff's motion for reargument and, on reargument, denying appellant's motions for summary judgment and to vacate an order of attachment, with leave to renew after completion of pretrial discovery, unanimously reversed, on the law, the motions granted, and, as to defendant-appellant, the complaint is dismissed and the action severed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff purchased certain goods from defendant Hachiyo Electric Sound Co. (Hong Kong), Ltd. ("Hachiyo") which were to be

shipped from Hong Kong to the United States. Under the business arrangement made by the parties, plaintiff caused its bank, Bank of Boston International ("Bank of Boston"), to issue an irrevocable letter of credit to appellant, authorizing appellant to draw thereon for sums not exceeding $100,000, provided the drafts were accompanied by a complete set of nonnegotiable duplicate shipping documents from Hachiyo and appellant's certification that the amount of the draft represented an indebtedness due it. This arrangement was made to accommodate plaintiff, as were several extensions of the letter of credit's expiration date. When the Bank of Boston attempted to amend the letter of credit, appellant presented the requisite documents and sought payment. The Bank of Boston failed to honor the presentation; and plaintiff attached the letter of credit. Special Term refused to dismiss the complaint as against appellant and to vacate the order of attachment, at this point in the litigation, finding a triable issue presented with respect to appellant's status as a holder in due course. For several reasons, we disagree. Initially, the amended complaint seeks only equitable relief from appellant—a permanent injunction and rescission. No money judgment is sought from this defendant. In such circumstance, the provisional remedy of attachment does not lie. (CPLR 6201.) Secondly, no cause of action has been validly stated against appellant. Plaintiff is not a party to the letter of credit, which involves a separate agreement between appellant and Bank of Boston which is independent of the underlying contract between plaintiff and Hachiyo. (*Fair Pavilions v First Nat. City Bank,* 19 NY2d 512; *O'Meara Co. v National Park Bank of N. Y.,* 239 NY 386.) Finally, Special Term's concern with appellant's status as a holder in due course (Uniform Commercial Code, § 5-114), ignores the letter of credit's explicit provision that it is subject to the "Uniform Customs and Practices for Documentary Credits"; and the Uniform Commercial Code is, therefore, inapplicable. (Uniform Commercial Code, § 5-102, subd [4].) Before concluding, it is parenthetically noted that the order of attachment was vacated by a subsequent order of said court, because of plaintiff's failure to timely serve the summons. Concur—Markewich, J. P., Kupferman, Murphy, Lupiano and Tilzer, JJ.