■ J & K PLUMBING & HEATING CO., INC., Appellant-Respondent, v INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION Respondent-Appellant, and FIRST-CITY NATIONAL BANK OF BINGHAMTON, Respondent.—Cross appeals from an order of the Supreme Court at Special Term, entered August 5, 1975 in Broome County, which granted a cross motion of defendant International Telephone and Telegraph Corporation (hereinafter, ITT) for partial summary judgment dismissing the first cause of action of the amended complaint, but denied said defendant summary judgment on its counterclaim for plaintiff's alleged abuse of process, and from the judgment entered thereon. At various times since 1972 plaintiff has purchased materials from ITT for use on projects on which it was employed, and on January 29, 1974, in relation to what was known as the Ithaca Mall Project, it placed with ITT a purchase Order No. 10641 worth approximately $69,000. After various communications between the parties, it subsequently developed that, because of an alleged unpaid balance of $41,290.63 owing to ITT by plaintiff on past purchases, $21,000 of which was uncontested, ITT refused to ship Order No. 10641 without a guarantee that it would receive payment therefor as well as the $21,000 it was admittedly owed by plaintiff. Consequently, on February 27, 1975, plaintiff had executed by defendant First-City National Bank an irrevocable letter of credit to ITT in the amount of $89,350, which sum, according to the terms of the letter, was to be available to ITT by sight drafts submitted with written certification that plaintiff had defaulted in its payments due. The letter further provided that Order No. 10641 was to be shipped complete on March 3, 1975 from Jackson, Tennessee, and that payment was due 60 days after the receipt of the items at the

project site. Thereafter, plaintiff received a shipment of materials pursuant to Order No. 10641, and, on May 5, 1975, in an apparent attempt to meet its obligations therefor, it sent two checks to ITT, one for $66,043 representing payment in full for the Ithaca Mall Project materials received and one for $21,000, the undisputed portion of its unpaid balance. Included on the $21,000 check, however, was a restrictive indorsement, acceptance of which by ITT would have constituted an accord and satisfaction of plaintiff's alleged entire unpaid balance of $41,290.63. After refusing to accept the check as so indorsed and returning it to plaintiff, ITT then certified to defendant bank on May 8, 1975 that plaintiff had defaulted in its payment and accompanied the certification with a sight draft for $21,000. In this manner the present controversy arose wherein plaintiff obtained a temporary restraining order enjoining defendant bank from honoring the $21,000 draft and unsuccessfully moved for a preliminary injunction and summary judgment against ITT. For its part, as noted above, ITT was successful in its cross motion for partial summary judgment, but was denied summary judgment on its counterclaim for abuse of process. We agree with this result. Not only were plaintiff's allegations of fraud not properly raised at Special Term, but they also are without support in the record, and plaintiff's further contention that its $21,000 check met the requirements of the letter of credit is obviously without merit in view of the unwarranted restrictive indorsement. Moreover, we find that plaintiff, by its acceptance of the benefits of the January, 1974 sale and its submission to ITT of the two checks for $66,043 and $21,000, plainly indicated its belief that said payments were properly due, and such conduct constitutes a waiver of plaintiff's claim of entitlement to a preliminary injunction and conclusively establishes ITT's right to recover, pursuant to a grant of partial summary judgment, the $21,000 for which plaintiff was admittedly liable *(Williams Ice Cream Co., v Chase Nat. Bank,* 210 App Div 179). As to defendant's counterclaim for abuse of process, the pleadings raise unresolved factual issues with regard to both liability and damages and, therefore, summary judgment was properly denied. *(Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT — AFL-CIO* 38 NY2d 397.) Order and judgment affirmed, with costs to defendant International Telephone and Telegraph Corporation. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.