■ SHANGHAI COMMERCIAL BANK, LTD., Respondent-Appellant, v BANK OF BOSTON INTERNATIONAL, Respondent, and CAPEHART CORPORATION, Appellant-Respondent.—Order, Supreme Court, New York County, entered January 22, 1976, unanimously modified, on the law, to the extent of relieving defendant-respondent Bank of Boston International (Boston), from the obligation to pay $112,187.50 into court, and granting plaintiff's cross motion for summary judgment against Boston and interpleaded defendant-appellant-respondent, Capehart Corporation (Capehart), and, as so modified, affirmed, without costs and without disbursements. Capehart caused Boston to issue an irrevocable letter of credit in the sum of $100,000 in favor of plaintiff, a bank, for the benefit of Capehart's vendor (not a party to this action). It is conceded that plaintiff complied with the terms of the letter of credit by presenting to Boston the required documents. Capehart complains that the goods it purchased from its vendor were defective. It was these goods which prompted the letter of credit. A letter of credit is a contract. While it is linked to another understanding or contract, it is independent of it (see Practice Commentary, McKinney's Cons Laws of NY, Book 62½, Uniform Commercial Code, § 5-101). Capehart is not a party to the letter of credit which represents a separate agreement between plaintiff and Boston *(Fair Pavillions v First Nat. City Bank,* 19 NY2d 512). In *O'Meara Co. v National Park Bank of N. Y.* (239 NY 386, 395, 396) the Court of Appeals said in a case where a sale of paper prompted the issuance of a letter of credit: "This contract [Letter of Credit] was in no way involved in or connected with, other than the presentation of the documents, the contract for the purchase and sale of the paper mentioned. That was a contract between buyer and seller, which in no way concerned the bank. The bank's obligation was to pay sight drafts when presented if accompanied by genuine documents specified in the letter of credit. If the paper when delivered did not correspond to what had been purchased, either in weight, kind or quality, then the purchaser had his remedy against the seller for damages." No triable issue of fact has been raised by either respondent that would defeat plaintiff's claim to the proceeds pursuant to the letter of credit. Defenses raised under section 5-114 of the Uniform Commercial Code do not

benefit respondents because, pursuant to subdivision (4) of section 5-102 of the Uniform Commercial Code, article 5 of the Uniform Commercial Code does not apply to a letter of credit subject to the uniform customs and practice for commercial documentary credits, as is the letter of credit herein. Our ruling is directed only to the letter of credit and does not prejudice any action Capehart may have against its vendor. Settle order on notice. Concur—Kupferman, J. P., Lupiano, Birns, Silverman and Nunez, JJ.