■ MARO HOSIERY CORP. et al., Respondents, v CAREN HANN, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered February 9, 1977, granting attachment against the property of defendant Caren Hann, is affirmed, without costs and without disbursements. The complaint and the supporting papers indicate a sufficiently meritorious claim against Bernard Hann, husband of appellant Caren Hann, for damages for commercial bribery, breach of duty of loyalty, and misconduct as an officer and employee of plaintiff, Maro Hosiery Corp. An order of attachment was granted against the husband Bernard Hann and the validity of that order is not now before us. The present attachment order, however, does not purport to be an attachment of Bernard Hann's property based on a cause of action against him. It rather purports to be an attachment against Caren Hann's property based on causes of action against her. The complaint contains four causes of action in which the defendant Caren Hann is named as a party defendant: The TWENTY-FIRST cause of action, which alleges Caren Hann participated and profited from this misconduct; the TWENTY-SECOND cause of action, which alleges that defendants Bernard Hann and Caren Hann hold certain property and the proceeds and profits of such misconduct as constructive trustees for the benefit of plaintiff; the TWENTY-THIRD cause of action for punitive damages; and the TWENTY-FOURTH cause of action for attorneys' fees and investigation expenses in connection with the action. The evidence presented of Caren Hann's participation in Bernard Hann's misconduct is not sufficient to warrant the granting of an attachment based on the TWENTY-FIRST cause of action. However, there is considerable evidence presented, at least within the standards of the attachment statutes, to support a claim that bank accounts totaling $113,000 were transferred by Bernard Hann to Caren Hann with actual intent to hinder, delay or defraud creditors (Debtor and Creditor Law, § 276). It further appears that approximately $70,000 of the $113,000 have been withdrawn and not located. The case thus seems to fall within CPLR 6201 (subd 4)—that the defendant with intent to defraud his creditors has secreted property, and subdivision 8, a cause of action for conversion of personal property. However, CPLR 6201 only authorizes attachment "where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants". The only cause of action within which these transactions could be said to fit is the TWENTY-SECOND cause of action, and the relief demanded there is not a money judgment but declaration of constructive trusteeship. However, upon the trial "the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded". (CPLR 3017, subd [a].) Thus, if plaintiff establishes Caren Hann's participation and receipt, or secreting of assets, with actual intent to hinder, delay or defraud creditors, the court may grant a money judgment, if appropriate. Thus, plaintiff may, in the alternative, be entitled to a money judgment. In the circumstances of this case, for the purposes of attachment, we think the attachment should not be denied because plaintiff has failed to make the demand for a money judgment in the alternative which it could have made. Concur—Lupiano, J. P., Evans and Capozzoli, JJ.; Silverman, J., dissents in the following memorandum: I would reverse the order granting attachment against the property of defendant Caren Hann, on the law, and remand the matter to Special Term for further proceedings not inconsistent with this memorandum. The complaint and the supporting papers indicate a sufficiently

meritorious claim against Bernard Hann, husband of appellant Caren Hann, for damages for commercial bribery, breach of duty of loyalty, and misconduct as an officer and employee of plaintiff, Maro Hosiery Corp. An order of attachment was granted against the husband Bernard Hann and the validity of that order is not now before us. Considerable evidence is presented to support a claim that bank accounts totaling $113,000 were transferred by Bernard Hann to Caren Hann with actual intent to hinder, delay or defraud creditors (Debtor and Creditor Law, § 276). It further appears that approximately $70,000 of the $113,000 have been withdrawn and not located. We do not have the question before us whether plaintiff can levy on these accounts under the attachment issued against the property of defendant Bernard Hann, on the theory that the property has been fraudulently conveyed by said defendant and that thus plaintiff may ignore the conveyance (Debtor and Creditor Law, § 279, subd c). The question here is whether an attachment may issue against the property of defendant Caren Hann—expressly *not* limited to these bank accounts. This requires a showing of a right to attachment based on a cause of action against Caren Hann. CPLR 6201 authorizes an order of attachment "where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants". The present complaint names Caren Hann as a defendant in four causes of action—the TWENTY-FIRST, TWENTY-SECOND, TWENTY-THIRD and TWENTY-FOURTH. The TWENTY-SECOND cause of action is to impress a trust on any property held by Bernard and Caren Hann which is the proceeds of funds improperly obtained by the defendants. This cause of action does not refer to fraudulent conveyances; but perhaps its general language is broad enough to include the above-mentioned bank accounts and transactions. However, this cause of action does not "demand" a money judgment but only equitable relief; it therefore cannot be the basis on which an attachment may issue. *(Capehart Corp. v Shanghai Commercial Bank,* 49 AD2d 521.) The TWENTY-FIRST, TWENTY-THIRD and TWENTY-FOURTH causes of action do ask for a money judgment against Caren Hann; but they are alleged only in the most conclusory terms and are not supported by affidavits or other evidence "that there is a cause of action" (CPLR 6212, subd [a]). Accordingly, the order of attachment should be reversed. At Special Term, plaintiff asked, in the alternative, for an order directing defendant Caren Hann, or others holding funds on her behalf, to turn over to the Sheriff, on plaintiff's behalf, all sums received by her and traceable to defendant Bernard Hann, including these bank accounts and their proceeds, apparently under the attachment against Bernard Hann. (CPLR 6214.) But this relief has not been discussed before us and, accordingly, I think the matter should be remanded to Special Term to determine whether plaintiff is entitled to this or any other form of provisional or interim relief.