FOREIGN VENTURE LIMITED PARTNERSHIP, Respondent, v CHEMICAL BANK et al., Appellants.

First Department, November 10, 1977

APPEARANCES OF COUNSEL

*John G. Koeltl* of counsel *(Ralph L. McAfee, Richard S. Simmons, David O. Brownwood, Steven C. Schroer* and *Robert B. von Mehren* with him on the brief; *Cravath, Swaine & Moore* and *Debevoise, Plimpton, Lyons & Gates,* attorneys), for appellants.

*David C. L. Frauman* of counsel *(John J. Jerome* with him on the brief; *Milbank, Tweed, Hadley & McCloy,* attorneys), for respondent.

*Henry Harfield* of counsel *(Robert M. Rosenblith* with him on the brief; *Shearman & Sterling,* attorneys), for Citibank, N. A., *amicus curiae.*

OPINION OF THE COURT

SILVERMAN, J.

Defendants appeal from orders of Special Term granting a preliminary injunction against payments under certain letters of credit, and denying defendants' cross motion to dismiss the complaint under CPLR 3211.

Plaintiff, an American partnership, wished to make arrangements for financing of its Australian affiliate, Venture Carpets PTY., Ltd. ("PTY"), by defendant Commercial Banking Company of Sydney, Ltd. ("Commercial"). Accordingly, plaintiff arranged with defendant Chemical Bank ("Chemi-

cal"), a New York corporation, for the issuance by Chemical to Commercial of two irrevocable letters of credit in the total amount of $480,000. By the letters of credit, Chemical agreed to make these funds available "against your [Commercial] request stating that the liability or any part thereof by Venture Carpets PTY., Ltd. to yourselves remains unpaid at maturity and that your drawing on this credit covers the portion which remains unpaid." Commercial extended credit to PTY. PTY fell on hard times. In October, 1976, two of plaintiff's principals went to Australia and began liquidating PTY's inventory and equipment and made deposits of $A [Australian] 355,947 the proceeds of such liquidation, to PTY's account, thus reducing PTY's indebtedness to Commercial to $A 135,717, as of October 29, 1976. On that date, a bankruptcy petition was filed in Australia against PTY and an official liquidator was thereafter appointed. On December 29, 1976 the liquidator demanded that the $A 355,947 be turned over to him as preferential payments under Australian bankruptcy law. Commercial debited PTY's account in the amount of the liquidator's demand with the result that PTY's indebtedness on Commercial's books exceeded the amount on the letters of credit. At this point, however, Commercial did not actually repay the amount of the liquidator's demand, apparently leaving that for further clarification, or adjudication. Commercial drew on the letters of credit for the full amount making the requisite statement that the liability of PTY to Commercial remained unpaid at maturity, etc.

Plaintiff then brought the present action against Chemical and Commercial to enjoin Chemical from paying and Commercial from demanding or accepting payment of funds pursuant to the letters of credit. Special Term, by its order of February 11, 1977, granted the preliminary injunction (except for the sum of $A 136,456, which plaintiff conceded was owed by PTY to Commercial as of December 31, 1976) and denied defendants' cross motion to dismiss the complaint.

In March, 1977, the Supreme Court of Victoria made an order declaring that $A 238,272 of the $A 355,947 were preferential payments and on March 11, 1977, Commercial paid to the liquidator that sum. Thereupon, defendants moved for a rehearing of the motions and for leave to reargue. The Special Term Justice construed the motion as a motion for renewal on new facts but denied it on the procedural ground that the motion should not have been made to him in the first

instance. We agree that the motion was one for renewal, and we think that as the matter would have in any event been referred to the same Justice under CPLR 2221, the procedural objection, if it has any validity, should be ignored by us. Accordingly, we think the motion for rehearing and renewal should have been granted.

Coming now to the merits of the case, plaintiff's major objection appears to be that as of the date of expiration of the letters of credit, December 31, 1976 (which is also the date of Commercial's demand for payment under the letters of credit), the alleged preferential payments had in fact been made to Commercial and operated to reduce the indebtedness of PTY, and that the fact that they were later declared to be preferential under Australian law could not reinstate the indebtedness retroactively for the purposes of the letters of credit.

We need not concern ourselves at this point with the question whether plaintiff is or is not correct in its view as to the effect of Australian law. In our view, the dispute is irrelevant to the validity of the letters of credit and Chemical's duty to honor them. For the basic rule, as stated in the Uniform Customs and Practice for Documentary Credits of the International Chamber of Commerce Brochure No. 222 (1962 rev), which is here applicable, is: "Article 8.—In documentary credit operations all parties concerned deal in documents and not in goods."

Section 5-114 of the Uniform Commercial Code states the same rule: "(1) An issuer must honor a draft or demand for payment which complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary."

In *United Bank v Cambridge Sporting Goods Corp.* (41 NY2d 254, 259), the Court of Appeals has recently restated the rule: "Banks issuing letters of credit deal in documents and not in goods and are not responsible for any breach of warranty or nonconformity of the goods involved in the underlying sales contract".

Furthermore, plaintiff is not a party to the letters of credit, which are independent of the underlying arrangement. Among many cases applying these rules we note the decisions of our court in *Capehart Corp. v Shanghai Commercial Bank* (49 AD2d 521, 522), and the related case of *Shanghai Commercial Bank v Bank of Boston Int.* (53 AD2d 830). In the latter

case, our court said (p 830): "A letter of credit is a contract. While it is linked to another understanding or contract, it is independent of it * * * Capehart [the issuing bank's customer] is not a party to the letter of credit which represents a separate agreement between plaintiff [the drawer] and Boston [the issuing drawee bank]".

Thus, if the documents are in good form, as they are here, that is in general the end of the inquiry as to the right of the drawee bank to honor drafts drawn against the letters of credit.

■ ■ There is a narrow exception for the case where there is "fraud in the transaction." (Uniform Commercial Code, § 5-114, subd [2]; *United Bank v Cambridge Sporting Goods Corp.*, 41 NY2d 254, 259, *supra.*) But this rather subtle dispute as to whether a preferential payment, invalid under Australian bankruptcy law, is effective to reduce the indebtedness for the purposes of the letters of credit is surely not fraud in the transaction. Commercial's position that it need not credit a payment received by it, which it is required to repay as invalid under Australian law, is a tenable position which can certainly be held in good faith. By no stretch of the imagination can it be deemed to involve fraud in the transaction. Rather it seems to be exactly the type of dispute which an irrevocable letter of credit assures the beneficiary of the credit will not hold up payment.

Accordingly, on the merits, it would appear that if the documents were in proper form, plaintiff had no right to interfere with the honoring of the letters of credit.

In addition, the ordinary principles of equity as to the issuance of injunctions are applicable. Both Chemical and Commercial are apparently perfectly solvent and are both available to suit in New York; indeed, they are both in this lawsuit. Damages would appear to be an adequate remedy if plaintiff's rights have been interfered with in any way. There is thus no ground for an injunction.

Accordingly, the preliminary injunction should not have been issued and the motion to dismiss the complaint should have been granted, and we so direct. Our determination is of course limited to the question whether Chemical should honor its obligation under the letters of credit (as it wishes to do), if documents in proper form were timely presented to it.

We do not have before us any other claims which plaintiff may assert. In order to eliminate any difficulties as to jurisdic-

tion, if there be any, our dismissal of the complaint will be without prejudice to an appropriate application by plaintiff to Special Term to assert any claims plaintiff may have other than to prevent payment under the letters of credit.

The order, Supreme Court, New York County (NADEL, J.), entered June 21, 1977, denying defendants' motion to renew, should be reversed, on the law, and in the exercise of discretion, and the motion for renewal should be granted and plaintiff's motion for preliminary injunction should be denied, and the preliminary injunction heretofore granted vacated; and defendants' cross motion to dismiss the complaint, pursuant to CPLR 3211, should be granted and the complaint dismissed, without prejudice however to any application plaintiff may make at Special Term (within 40 days after the date of the order determining this appeal) for leave to serve an amended complaint to allege any cause of action that plaintiff may have against the defendants, or either of them other than a cause of action to prevent the honoring of the letters of credit here involved and drafts drawn thereunder, with one bill of costs to defendants-appellants.

The appeal from order of Supreme Court, New York County (NADEL, J.), entered February 11, 1977, granting preliminary injunction and denying defendants' cross motion to dismiss the complaint, should be dismissed, without costs, said order of February 11, 1977, having been superseded by the order of June 21, 1977.

KUPFERMAN, J. P., LUPIANO and MARKEWICH, JJ., concur.

Order, Supreme Court, New York County, entered June 21, 1977, unanimously reversed, on the law, and in the exercise of discretion, and the motion for renewal granted, and plaintiff's motion for preliminary injunction denied, and the preliminary injunction heretofore granted vacated; and defendants' cross motion to dismiss the complaint, pursuant to CPLR 3211, granted and the complaint dismissed, without prejudice however to any application plaintiff may make at Special Term (within 40 days after the date of entry of the order herein) for leave to serve an amended complaint to allege any cause of action that plaintiff may have against the defendants, or either of them, other than a cause of action to prevent the honoring of the letters of credit here involved and drafts drawn thereunder. Appellants shall recover of respondent one bill of $60 costs and disbursements of this appeal.

Appeal from order, Supreme Court, New York County, entered February 11, 1977, unanimously dismissed, without costs and without disbursements, said order having been superseded by the order entered on June 21, 1977.