■ NORTH AMERICAN FOREIGN TRADING CORPORATION, Appellant-Respondent, v GENERAL ELECTRONICS, LTD., et al., Respondents-Appellants, and CHASE MANHATTAN BANK, N. A., Respondent. GENERAL ELECTRONICS (HK) LTD. et al., Defendants and Third-Party Plaintiffs, v LOUIS LOWINGER et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered March 30, 1978, unanimously modified, on the law, to the extent of adding

to the first decretal paragraph the requirement that all documentation under the letter of credit be submitted and, as so modified, affirmed, without costs and without disbursements. Order of said court entered September 15, 1978, granting the motion of defendants (other than defendant the Chase Manhattan Bank) authorizing payment by the Chase Manhattan under the letter of credit, unanimously reversed, on the law, without costs and without disbursements, and the motion denied. In this action seeking a permanent injunction preventing payment under a letter of credit and for damages for breach of a sales agreement, plaintiff, a New York corporation, alleges that the defendants General Electronics (HK) Ltd., Business Electronics (HK) Ltd., and Digitek Electronics, Ltd., are affiliated with one another and are controlled by the individual defendant Samuel Fang. These defendants (hereinafter referred to as the "Hong Kong" defendants) are apparently in the business of manufacturing electronic games, electronic calculators, etc., in Hong Kong, and it is contended that they took part in the underlying transaction which gave rise to the letter of credit in dispute herein. The record demonstrates purposeful activity on the part of the Hong Kong defendants sufficient to sustain in personam jurisdiction over them, although the issue is not free from doubt respecting defendant Business Electronics. However, in view of plaintiff's allegation of an existing interrelationship between said defendants and the equitable considerations underlying the discretionary act of granting a preliminary injunction, Special Term providently denied at this juncture and on this record the cross motion by all the Hong Kong defendants to dismiss for lack of in personam jurisdiction. Plaintiff states that it purchased certain goods (electronic games) from the Hong Kong defendants and had the Chase Manhattan issue a letter of credit covering same. Chase, the consignee of the goods, released them to the plaintiff at the latter's request before arrival of the documentation necessary for honoring the letter of credit. Plaintiff agreed to indemnify Chase for releasing the goods to it (which indemnification agreement is ambiguous respecting the issue of whether it is conditioned in some manner on compliance with the terms of the letter of credit and its requisite documentation). However, Chase failed to obtain from plaintiff a "waiver" of presentation of documents, a form normally required. Plaintiff claiming that the goods are defective, now seeks to prevent Chase from honoring the letter of credit because the requisite documents under that letter were not presented by the Hong Kong defendants. Injunctive relief is warranted where the necessary documents as set forth in the letter of credit are not delivered or are improper. As noted in *United Bank v Cambridge Sporting Goods Corp.* (41 NY2d 254, 258-259): "A letter of credit is a commitment on the part of the issuing bank that it will pay a draft presented to it under the terms of the credit, and if it is a documentary draft, upon presentation of the required documents of title (see Uniform Commercial Code, § 5-103). Banks issuing letters of credit deal in documents and not in goods and are not responsible for any breach of warranty or nonconformity of the goods involved in the underlying sales contract [citations]." Further, "the beneficiary must meet the terms of the credit—and precisely—if it is to exact performance of the issuer * * * 'There is no room for documents which are almost the same, or which will do just as well' " *(Courtaulds North Amer. v North Carolina Nat. Bank,* 528 F2d 802, 805-806; see, also, *Key Appliance v First Nat. City Bank,* 46 AD2d 622, affd 37 NY2d 826). Absent waiver of the documentation requirement, which waiver was apparently not obtained herein, the beneficiary of the letter of credit must present the requisite documentation to exact performance of the issuer. On this record it is clear

that the requisite documentation has not been presented. Further, the beneficiary of a letter of credit must present the necessary documents prior to expiration of the letter of credit or demonstrate that it could have complied in timely fashion but was unjustifiably prevented from doing so (see *Ufitec, S. A. v Trade Bank & Trust Co.,* 21 AD2d 187, affd 16 NY2d 698; *C. A. Assoc. v Justice,* 47 AD2d 882; *Courtaulds North Amer. v North Carolina Nat. Bank, supra).* Parenthetically, it is noted that in view of the aforesaid, the assertion by the Hong Kong defendants that plaintiff possesses an adequate remedy at law in that it can initiate suit against them in Hong Kong is without merit. Thus, Special Term providently issued a preliminary injunction herein but erred in conditioning payment under the letter of credit only upon presentation by the beneficiary of "Form A" rather than on presentation of all the required documentation which, of course, would include "Form A." In consequence, the subsequent order entered September 15, 1978 granting the Hong Kong defendants' motion authorizing payment under the letter of credit must be reversed as presentation of only "Form A" is insufficient. In conclusion, we note that all the parties necessary for a determination of the respective rights of plaintiff and the Hong Kong defendants on all issues are before the court. At trial, the Hong Kong defendants may show that their inability to comply with the letter of credit by presenting the necessary documentation in timely fashion was attributable in some fashion to plaintiff and thus establish their right to payment under the letter of credit. The claims advanced on this appeal, including that of waiver, can only be resolved upon a trial of the issues (see *Williams Ice Cream Co. v Chase Nat. Bank,* 210 App Div 179). The view of the Hong Kong defendants that *Williams Ice Cream Co. v Chase Nat. Bank (supra)* is dispositive on the issue of waiver is misplaced. In that case this court observed that the purchaser had taken up the bill of lading and accepted delivery of the merchandise. Therefore, the purchaser in taking the merchandise was aware that the bill of lading did not comport with the letter of credit and having such knowledge, in effect, waived its right to object to the alteration of the letter of credit entered into without the purchaser's knowledge between Chase and the seller. Waiver may not be implied as a matter of law on the circumstances presented by this record and trial of that issue is warranted. This view is reinforced by the fact that a certificate of inspection of the games, a required document under the letter of credit, was not supplied by the Hong Kong defendants. Common sense dictates that such document was regarded by the purchaser as an essential protective device and compliance with the letter of credit terms in this regard may only be viewed as mandatory, absent, of course, a waiver by the plaintiff of this protection. Concur—Evans, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.