■ In the Matter of MPG CAPITAL CORP. et al., Appellants, v NORMAN W. NICK, Respondent. — Judgment, Supreme Court, New York County (Greenfield, J.), entered December 1, 1980, which denied the motion of the petitioners-appellants to stay arbitration and granted the cross motion of the respondent to compel arbitration, unanimously reversed on the law, and the motion to stay arbitration granted and the cross motion denied, without costs. The respondent commenced arbitration proceedings with respect to claims for compensation allegedly earned by him during his employment by the petitioner-appellant MPG Capital Corp., a member firm of the National Association of Securities Dealers (NASD). Arbitration was sought pursuant to the NASD code. MPG moved to stay arbitration on the basis that the claim, among other things, was not "a securities related dispute". The court at Special Term applied the 1973 code in effect during most of the employment period, the respondent having been a registered representative from November, 1974 through November, 1978. This version covered "any other dispute * * * in connection with the business of any member". However, the arbitration proceeding was commenced in May, 1980, at which time the 1978 code was in effect requiring arbitration of "any other securities related dispute * * * in connection with the business of any member". It is the procedural remedy in effect when a claim is asserted that should apply. *(Matter of Berkovitz v Arbib & Houlberg,* 230 NY 261; cf. *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 453.) The issue of employee compensation is not a securities related dispute; and therefore arbitration is inappropriate. *(Matter of Dunay v Weisglass,* 78 AD2d 444.) Concur — Murphy, P. J., Kupferman, Birns, Carro and Lynch, JJ.

■ MOUNT CARMEL ENERGY CORPORATION et al., Respondents, v MARINE MIDLAND BANK et al., Defendants, and DAI HAN COAL CORPORATION OF THE REPUBLIC OF KOREA, Appellant. — Order, Supreme Court, New York County (Alexander, J.), entered March 18, 1981, granting plaintiffs' motion for preliminary injunction, is unanimously reversed, on the law, so far as appealed from, and plaintiffs' motion for preliminary injunction is denied, with costs. An irrevocable letter of credit must be honored, and its payment is not to be enjoined at the suit of the customer who procured the letter of credit to be issued, if the documents presented appear on their face to comply with the terms of the irrevocable letter of credit, unless it appears that the documents are forged or fraudulent or there is fraud in the transaction. (Uniform Commercial Code, § 5-114; *United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254, 259; *Sztejn v Schroder Banking Corp.,* 177 Misc 719; *Foreign Venture Ltd. Partnership v Chemical Bank,* 59 AD2d 352, 355-356.) There is no suggestion here that the documents are forged or fraudulent. The dispute as to whether plaintiffs' agent had actual or apparent authority to enter into the contract with the beneficiary of the letter of credit does not make the documents fraudulent nor does it constitute fraud in the transaction within the meaning of these rules. Concur — Kupferman, J. P., Sullivan, Carro, Markewich and Silverman, JJ.