■ In the Matter of the Arbitration between JAMES J. DUNSEITH et al., Appellants, and PAUL L. TRAVIA, JR., et al., Respondents. — Judgment, Supreme Court, New York County (Ascione, J.), entered on December 18, 1980, which, *inter alia,* denied petitioner's motion to stay arbitration, and the order of said court entered on March 16, 1981, which granted reargument and upon reargument, adhered to its original determination, unanimously reversed, on the law, with costs, and the petition to permanently stay arbitration granted. Respondents, Travia and Kautz, seek to commence an arbitration proceeding pursuant to the Code of Arbitration Procedure of the National Association of Securities Dealers (NASD) to resolve various claims relating to the organization and ownership of the corporate petitioner, Shields Asset Management, Inc. (Shields Asset). Shields Asset is engaged in the business of investment advising and is not a dealer or trader in securities. In fact, this corporation is not and has never been a member of NASD. However, petitioner Bache Halsey Stuart Shields, Inc. (Bache), has been a member of NASD since September, 1939, and at one time employed the respondents and several of the individual petitioners. All of the individual petitioners are associated with Shields Asset, either as corporate officers or employees. Prior to February 1, 1978, the corporate predecessors to Shields Asset were either subdivisions of Bache or subdivisions of Bache's corporate predecessors. On this date, Shields Asset commenced operations. Respondents were employed by the corporate forerunners of Shields Asset and this employment was continued by the new corporate entity. The ownership of the shares of stock in Shields Asset was to be determined after the start up of this corporation. However, as first incorporated, petitioner Dunseith was the sole shareholder. After the percentage of stock had been allocated, respondents determined that their individual share was insufficient and, on May 4, 1978, resigned. Over two years thereafter, respondents sought to arbitrate two claims before the NASD. Respondents sought "[a]n equitable participation in Shields Asset" and "[a]n accounting of the monies in the managers account of Shields Capital Management". The respondents sought an award of five million dollars. Special Term determined that these controversies were arbitrable before NASD. We do not concur in this determination and have concluded that respondents cannot avail themselves of the arbitration procedures of NASD. Prior to January 10, 1978, the provisions of NASD stipulated that only "clearing controversies and any other dispute arising out of or in connection with the securities business of any member" were arbitrable. Thereafter, this provision was expanded to cover "clearing controversies and any other securities related dispute arising out of

or in connection with the business of any member". A final revision, which was effective on July 21, 1980, provided for "the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member". The claims of respondents to an equitable interest in Shields Asset or for damages for termination are not arbitrable as these claims are neither a clearing controversy, nor do they arise from the securities business of Bache, a NASD member. The 1978 amendment does not assist respondents as that amendment still limits disputes, which can be arbitrated, to those that are securities related. In addition, the pre-1978 provisions did not envision arbitration between persons associated with an NASD member against other persons associated with an NASD member. This concept was only incorporated with the 1978 amendment. Even if this concept was enacted previously, it would not aid respondents since the claims as asserted are not securities related. Moreover, this court has already determined that the latest revisions are not to have retroactive effect (Matter of MPG Capital Corp. v Nick, 82 AD2d 729). Therefore, the 1980 amendments, which seemingly would encompass these disputes, are not available to respondents. Respondents' final claim as to money in the managers' account of Shields Capital Management, which corporation, prior to February 1, 1978, was a division of Bache, is also beyond the subject matter limitation of the arbitration clause. This fund was maintained by Bache from which discretionary bonuses and certain expenses were paid. These moneys were accumulated from the investment advising business and not the securities trading business of Bache. If we were to determine that the disputes of respondents were arbitrable, this ruling would thus require an association of securities dealers to resolve ownership interests in a firm that has never been a NASD member, does not trade or deal in securities, but rather conducts in investment advising business. This we are not prepared to do since the rules in effect at the time these claims arose clearly prohibit such a course. Concur — Kupferman, J.P., Birns, Sandler, Ross and Fein, JJ.