**In re PINE TREE ELECTRIC CO., INC., Debtor.**

**Hollis R. SAWYER Thomas Ainsworth, Esquire Trustee, Plaintiffs,**

**v.**

**E. A. GRALIA CONSTRUCTION CO. Northeast Bank of Lewiston, Defendants.**

**Bankruptcy No. 281–00339. Adv. No. 281–0292.**

United States Bankruptcy Court, D. Maine.

Dec. 16, 1981.

**106**

Richard E. Poulos, Portland, Me., for Hollis R. Sawyer.

Thomas Ainsworth, Portland, Me., trustee.

Philip Ryan, Springfield, Mass., for E. A. Gralia.

John Bonneau, Marshall, Raymond & Beliveau, Lewiston, Me., for Northeast Bank.

## MEMORANDUM OPINION

FREDERICK A. JOHNSON, Bankruptcy Judge.

A preliminary injunction is sought by the Debtor, Pine Tree Electric Co., Inc. and Hollis R. Sawyer to enjoin Northeast Bank of Lewiston and Auburn from honoring an "Irrevocable Letter of Credit" established between the Bank and E. A. Gralia Construction Co., Inc. and to enjoin Gralia from pursuing its demand on the Bank for payment. By an order of this Court entered December 1, 1981, Northeast Bank was temporarily restrained from honoring Gralia's demand on the Letter of Credit of October 27, 1980 pending a hearing on the preliminary injunction. The Court concludes that the preliminary injunction against the Bank must issue.

The Debtor contracted with Gralia to perform electrical work at a project known as The Woolen Mill at Winooski, Vermont. In lieu of a performance bond, the Debtor arranged with Northeast for its establishment of a letter of credit on behalf of Gralia. An "Irrevocable Letter of Credit No. 101PT" in the maximum amount of $100,000 was established by the Bank in favor of Gralia for the account of the Debtor. Hollis R. Sawyer, an officer of the Debtor provided a guarantee and collateral as security for his guaranty.

The Letter of Credit expressly states it is "subject to all of the terms and provisions of a subcontract between" Gralia and Pine Tree "and to the specific terms and conditions set forth in the attached document, conditions to Letter of Credit, which are incorporated herein by reference." The attached conditions specify presentment of the Letter of Credit was conditioned upon Pine Tree having an opportunity to cure any default, or submit any dispute to arbitration. In addition, the Letter of Credit was to become null and void 90 days after substantial completion of Pine Tree's work or Gralia was to provide Northeast with an affidavit stating conditions had been met or

any disputes were in arbitration at the time of demand for payment.

On July 15, 1981 an involuntary petition was filed in this Court against the Debtor and an order for relief was entered on August 20, 1981.

On October 23, 1981 Northeast notified Gralia that the October 27, 1980 Irrevocable Letter of Credit No. 101PT due to expire on October 27, 1981 was being extended to November 27, 1981 at the request of "its customer" Hollis R. Sawyer. The Trustee for the Debtor did not consent to the extension of the Letter of Credit.

On November 23, 1981 Gralia presented Northeast with a sight draft in the amount of $100,000 with a letter stating it was drawing on the account of Pine Tree. Also presented were an affidavit and a signed demand for payment on the Letter of Credit as extended.

The Trustee and Sawyer assert that honor of the demand by Northeast would be wrongful because of Gralia's failure to comply with the conditions of the subcontract and Letter of Credit and that each would be irreparably harmed if Northeast were to honor the draft. Gralia claims the Letter of Credit is not property of the estate, this Court lacks jurisdiction over him and the Letter of Credit and both the Trustee and Sawyer have appropriate remedies at law to their complaint against Gralia.

## DISCUSSION

This Court has subject matter jurisdiction over all civil proceedings arising in or related to cases under Title 11. 28 U.S.C. § 1471(b) & (c). This grant of jurisdiction encompasses *in personam* and *in rem* jurisdiction as well as subject matter. H.Rep.No. 595, 95th Cong., 1st Sess., 445 (1973), U.S.Code Cong. & Admin.News 1978, p. 5787. To the extent that Gralia's actions are on account of an alleged debt to it and Northeast's honor of the Letter of Credit converts Northeast's contingent claim against the Debtor to an active claim against the estate, this matter is appropriately before this Court. If Pine Tree were not a Debtor under Title 11 of the U.S.

Code, there is no question but this Court could not enjoin Northeast from honoring Gralia's demand.

Article 5 of the Uniform Commercial Code, Letters of Credit, contemplates an independent transaction between the issuer and the beneficiary of an irrevocable letter of credit, *Interco, Inc. v. First National Bank of Boston*, 560 F.2d 480, 485 (1st Cir. 1977); *Housing Securities, Inc. v. Maine National Bank*, 391 A.2d 311, 320 (Me.1978), which is immune from interference by the customer unless the ordinary principles of equity relating to the issuance of injunctions are applicable, *Interco, Inc. v. First National Bank of Boston, supra; Foreign Venture Limited Partnership v. Chemical Bank*, 59 A.D.2d 352, 399 N.Y.S.2d 114, 22 UCC Rep. 1208, 1212 (1977), or the issuer has been informed that: 1) requisite documents fail to comply with specified warranties, 2) the documents are fraudulent, or, 3) there is fraud in the transaction, *O'Grady v. First Union Bank of North Carolina*, 296 N.C. 212, 250 S.E.2d 587, 26 UCC Rep. 146, 156 (1978); Me.Rev.Stat.Ann.Tit. 11, § 5–114(2)(b). On either the principles of equity, (i.e. irreparable harm with no adequate remedy at law, a likelihood of success on the merits, and a balancing of inequities on favor of the person seeking to enjoin), or a substantiated allegation of fraudulent documents or fraud in the transaction a court of competent jurisdiction is empowered to enjoin an issuer from honoring a demand on a Letter of Credit. *See e.g.; KMW International v. Chase Manhattan Bank*, 606 F.2d 10, 27 UCC Rep. 203, 210 (2nd Cir. 1979); *Interco, Inc. v. First National Bank of Boston, supra; United Technologies Corp. v. Citibank, N.A.*, 469 F.Supp. 473, 27 UCC Rep. 212, 217 (S.D.N.Y.1979); *Foreign Venture Limited Partnership v. Chemical Bank*, 59 A.D.2d 352, 399 N.Y.S.2d 114, 22 UCC Rep. 1208, 1211 (1977).

Although both the Trustee and Sawyer have enumerated various injuries to them for which they contend the remedies at law are inadequate, this Court need not evaluate the merits of their claims in light of the

**108**

standard requisites for equitable injunctive relief if it finds that Northeast was provided timely notification that the documentation accompanying the sight draft and demand for payment constituted fraud. *See Tranarg, C.A. v. Banca Commerciale Italiana,* 90 Misc.2d 829, 396 N.Y.S.2d 761, 22 UCC Rep. 466, 468–70 (Sup.1977); *cf. Foreign Venture Limited Partnership v. Chemical Bank, supra* (no fraud in the transaction or irreparable harm mandates denial of request for injunction).

■ Northeast, by letter dated November 17, 1981, was informed by counsel for Sawyer that Gralia's anticipated demand would not be made in good faith nor be based on an accurate representation of satisfaction of the conditions of the Letter of Credit. This notification, while insufficient itself to estop the Bank from honoring the demand, *Siderius, Inc. v. Wallace Co., Inc.,* 583 S.W.2d 852, 27 UCC, 191, 201 (Tex.Civ. App.1979); Me.Rev.Stat.Ann.Tit. 11 § 5–114(2), when coupled with the Court's finding that there is considerable substance to the allegation that Gralia's documentation represents a fraud on the Bank, permits enjoining the Bank from honoring Gralia's demand for payment. *See Tranarg, C.A. v. Banca Commerciale Italiana, supra; O'Grady v. First National Bank of North Carolina,* 296 N.C. 212, 250 S.E.2d 587, 26 UCC Rep. 146, 157 (1978); *North American Foreign Trading Corp. v. General Electronics, LTD,* 67 A.D.2d 890, 413 N.Y.S.2d 700, 26 UCC Rep. 168, 170 (1979).

■ There is sufficient, uncontroverted allegations that the documents comprising the demand on the Bank suffer from misrepresentations sufficient to establish a prima facie case of fraud. Gralia, by its own admission, is not entitled to the full $100,000 as demanded. Indeed, while it has demanded $100,000 and attested that the conditions of the Letter of Credit have been met, it was unable to specify what it believes it was owed. The actual amount due Gralia, if any, is certainly related to the underlying controversy between the Debtor and Gralia and not relevant to deliberations of whether an injunction should issue. But,

the fact Gralia through its demand unequivocally asserted it was owed $100,000 while it admits it is not owed that amount is sufficient to justify enjoining honor of Gralia's demand. When coupled with allegations that conditions of the Letter of Credit such as failure to give the Debtor an opportunity to cure a default or submit any dispute to arbitration, and the inappropriateness of making a demand greater than 90 days after substantial compliance of the underlying contract, a preliminary injunction should be issued because each allegation pertains to the contract between the Bank and Gralia. *Cf. O'Grady v. First Union Bank of North Carolina,* 296 N.C. 212, 250 S.E.2d 587, 26 UCC Rep. 146, 158 (1978) (no grounds for fraud in the transaction between customer and beneficiary); *KMV International v. Chase Manhattan Bank,* 27 UCC Rep. 203, 210 (2d Cir. 1979) (must be a clear showing of active, intentional fraud).