■ DORF OVERSEAS INC., Respondent-Appellant, v CHEMICAL BANK, Appellant-Respondent. — Order, Supreme Court, New York County (Grossman, J.), entered March 25, 1982, denying the parties' motions for summary judgment, unanimously modified, on the law, by granting defendant's motion for summary judgment dismissing the complaint, and as modified, affirmed, with costs. Each party moved for summary judgment. Plaintiff Dorf Overseas Inc. maintained that defendant Chemical Bank had improperly honored an irrevocable letter of credit and charged its account in the sum of $15,805.50. Plaintiff contended that it had previously notified defendant not to make payment under the letter because the goods had not passed inspection by the Food and Drug Administration (FDA). The plaintiff charged that defendant had violated various provisions of the Uniform Customs and Practice for Commercial Documentary Credits (UCP), which controlled this letter of credit. The additional proof developed by the defendant in its papers shows that plaintiff's claim was unfounded. The letter of credit contained a food and drug clause permitting defendant to forward invoices and shipping documents to plaintiff before payment was made. Wing Lung Bank was the negotiating bank for the exporter, Unique Products. Wing Lung forwarded its collection letter with the necessary documentation and an authorization permitting the documents to be turned over to plaintiff, before payment, for purposes of FDA approval. The collection letter contained this noteworthy clause: "In case of non-acceptance after inspection, please return the full set of documents to us by express registered airmail." The defendant forwarded the documents to plaintiff so that FDA approval could be obtained. Subsequently, a portion of the goods

passed inspection. However, plaintiff informed the defendant not to make payment since the goods had failed the first inspection. Plaintiff did not mention that only a portion of the goods had failed inspection. In the ensuing months, plaintiff's principal, Kaye Company, Inc., and Unique unsuccessfully attempted to resolve their dispute. Eventually, Wing Lung requested that defendant (i) make payment on the draft or (ii) reship all the goods with the accompanying documentation. At that point, defendant discovered that plaintiff and Kaye had already sold approximately two thirds of the goods. Thereupon, defendant paid the draft and charged plaintiff's account. Plaintiff then brought this action. The letter of credit contained a requirement that the merchandise pass inspection by the FDA. The defendant could not honor the draft unless such approval was obtained for the goods. The letter of credit did not permit payment by defendant if only a portion of the goods was approved. The plaintiff, aware of that fact, chose to accept and sell the portion of the goods that had passed inspection. In so doing, plaintiff was forced to relinquish the documents. Thus, it was unable to return those documents to the defendant. The latter, in turn, could not return the documents or all the goods to Wing Lung. By surrendering the documents and accepting a substantial portion of the goods, plaintiff waived its right to seek strict enforcement of the letter of credit. (*Williams Ice Cream Co. v Chase Nat. Bank,* 210 App Div 179.) Under article 8 of the UCP, defendant was fully justified in protecting itself by paying the draft and charging plaintiff's account. Concur — Murphy, P. J., Ross, Bloom, Lynch and Kassal, JJ.